1  Marc J. Schneider (SBN 214609)
     mschneider@sycr.com
2  Stephen L. Ram (SBN 240769)
     sram@sycr.com
3  Annie H. Knuth (SBN 278718)
     aknuth@sycr.com
4  Nancy N. Nguyen (SBN 301677)
     n.nguyen@sycr.com
5  STRADLING YOCCA CARLSON & RAUTH, P.C.
   660 Newport Center Drive, Suite 1600
6  Newport Beach, California 92660
   Telephone:  (949) 725-4000
7  Facsimile:  (949) 725-4100

8  Attorneys for Non-Party
   Acacia Research Group, LLC
9

10              **UNITED STATES DISTRICT COURT**

11          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12                    **SOUTHERN DIVISION**

13  DELL INC.,                          CASE NO.:  8:15-mc-00025

14              Movant,                 (Eastern District of Texas Case No.
                                        2:14-cv-762)
15          vs.
                                        **DECLARATION OF ANNIE H.**
16  ACACIA RESEARCH GROUP               **KNUTH IN SUPPORT OF NON-**
    LLC,                                **PARTY ACACIA RESEARCH**
17                                      **GROUP LLC'S RESPONSE TO**
              Non-Movant.               **JOINT STIPULATION RE: MOTION**
18                                      **TO COMPEL**

19

20       I, Annie H. Knuth, declare:

21       1.      I am an attorney duly licensed to practice law before the courts of the

22  State of California and I am admitted to practice in the Central District of California.  I

23  am an associate with Stradling Yocca Carlson & Rauth, attorneys for Non-Party

24  Acacia Research Group LLC ("Acacia").  I submit this declaration in support of

25  Acacia Research Group LLC's Response to Dell Inc.'s Joint Stipulation To Compel

26  Acacia's Production of Documents and Testimony.  I have personal knowledge as to

27

28
                                          1

1    all matters set forth herein, and if called to testify as a witness, I could and would do

2    so.

3         2.    Attached hereto as Exhibit 1 is a true and correct copy of Docket No. 47

4    in *Nexus Display Technologies, LLC v. Dell Inc. et al.*, Eastern District of Texas Case

5    No. 2:14-cv-762 (the "Nexus Litigation"), dated November 21, 2014.

6         3.    Attached hereto as Exhibit 2 is a true and correct copy of Docket No. 170

7    in the Nexus Litigation, dated July 31, 2015.

8         4.    Attached hereto as Exhibit 3 is a true and correct copy of Docket No. 211

9    in the Nexus Litigation, dated September 14, 2015.

10        5.    On May 28, 2015, I participated in a telephonic meet and confer with

11   Kathleen Barry and Aaron Thompson, counsel for Movant, and my colleague, Nancy

12   Nguyen regarding Movant's subpoena for documents.  Following that call, my office

13   exchanged several e-mail communications with counsel for Movant following up on

14   issues discussed during the meet and confer.  Attached hereto as Exhibit 4 is a true and

15   correct copy of the e-mail chain between my office and counsel for Movant, dated June

16   24, 2015.

17        6.    On July 9, 2015, I participated in a further telephonic meet and confer

18   with Kathleen Barry and Aaron Thompson, counsel for Movant, and my colleague,

19   Nancy Nguyen regarding Movant's subpoena for documents.  Following that call, my

20   office prepared a confirming letter regarding the requests in dispute, dated July 15,

21   2015.  Attached hereto as Exhibit 5 is a true and correct copy of a letter of the

22   confirming letter dated July 15, 2015.

23        7.    Attached hereto as Exhibit 6 is a true and correct copy of a letter from my

24   office to Aaron Thompson, counsel for Movant, dated July 20, 2015 enclosing

25   Acacia's responses to Dell's subpoena for deposition testimony, served on July 6,

26   2015.

27

28

2

KNUTH DECL. IN SUPPORT OF ACACIA'S RESPONSE TO JOINT STIPULATION

8. Attached hereto as Exhibit 7 is a true and correct copy of an e-mail chain among my office, counsel for Nexus Display Technologies, LLC ("Nexus"), and counsel for Lenovo (United States), Inc.[1] ("Lenovo") regarding Movant and Lenovo's deposition of Nexus' Rule 30(b)(6) witness moving forward on July 30, 2015.

9. Attached hereto as Exhibit 8 is a true and correct copy of a letter from Movant to my office, dated August 5, 2015 regarding Movant's subpoena for documents.

10. On August 5, 2015, I participated in a telephonic meet and confer with Kathleen Barry, counsel for Movant, Eric Klein and Alex Chan, counsel for Lenovo, Alisa Lipski and Jamie Aycock, counsel for Nexus, and my colleague, Nancy Nguyen. Following that call, my office prepared a confirming letter regarding the agreements reached during the call, dated August 12, 2015. Attached hereto as Exhibit 9 is a true and correct copy of the confirming letter dated August 12, 2015.

11. Attached hereto as Exhibit 10 is a true and correct copy of a letter from Movant to my office, dated August 14, 2015, acknowledging the agreements reached on Acacia and Movant's August 5, 2015 telephonic meet and confer.

12. Attached hereto as Exhibit 11 is a true and correct copy of an e-mail chain between my office and Kathleen Barry, counsel for Movant, dated September 3, 2015 regarding Acacia's production of documents as memorialized in Acacia's August 12, 2015 letter. Following these e-mail exchanges, neither Ms. Barry nor any other attorney for Movant made an objection to Acacia's intent to produce documents as memorialized in Acacia's 12, 2015 letter.

13. Attached hereto as Exhibit 12 is a true and correct copy of an e-mail from my office to Kathleen Barry, counsel for Movant, as well as Eric Klein and Alex Chan, counsel for Lenovo, dated September 8, 2015 regarding Acacia's production in the Nexus Litigation and informing Movant and Lenovo that Apple did not consent to

---

[1] Lenovo (United States) Inc. originally joined in the draft Joint Stipulation, but is no longer a party after reaching a settlement in the Nexus Litigation.

KNUTH DECL. IN SUPPORT OF ACACIA'S RESPONSE TO JOINT STIPULATION
LITIOC/2125444v2/101023-0061

1 Acacia's disclosure of the standstill agreement between Acacia Research Corporation

2 ("ARC") and Apple, or related communication.

3       14.    Attached hereto as Exhibit 13 is a true and correct copy of an e-mail chain

4 between my office and Jessica Hannah, Patent Litigation Counsel for Apple Inc., dated

5 September 9, 2015 regarding Acacia's disclosure notice and contemplated production

6 of the Apple standstill agreement and related communication in the Nexus Litigation.

7       15.    Attached hereto as Exhibit 14 is a true and correct copy of Movant's e-

8 mail to my office, pursuant to Central District Local Rule 37-1, dated September 9,

9 2015.

10       16.    On September 17, 2015, I participated in a telephonic pre-filing

11 conference of counsel with Kathleen Barry and Erin Ranahan, counsel for Movant,

12 Eric Klein, counsel for Lenovo, and my colleague Nancy Nguyen.  Following that call,

13 my office prepared a confirming letter memorializing the call, including the discovery

14 compromises offered during the call to resolve disputes out of court, dated September

15 22, 2015.  Attached hereto as Exhibit 15 is a true and correct copy of the confirming

16 letter dated September 22, 2015.

17       17.    Attached hereto as Exhibit 16 is a true and correct copy of an e-mail chain

18 between Erin Ranahan, counsel for Movant, and me dated September 24, 2015.

19       18.    Attached hereto as Exhibit 17 is a true and correct copy of an e-mail chain

20 between Erin Ranahan, counsel for Movant, and me dated September 25, 2015.

21       19.    Attached hereto as Exhibit 18 is a true and correct copy of the redacted

22 agreement between Acacia Research Corporation and Cisco, as produced to Movant.

23       20.    Attached hereto as Exhibit 19 is a true and correct copy of the Order

24 issued in *Adaptix, Inc. v. Alcatel-Lucent USA, Inc., et al.* Case No. 6:12-cv-22 (Eastern

25 ///

26 ///

27 ///

28

1   District of Texas), dated August 14, 2014, denying defendant's emergency motion to

2   compel documents from third party Acacia Research Group, LLC.

3

4       I declare under penalty of perjury under the laws of the United States of America

5   that the foregoing is true and correct and that this declaration was executed on this 6th

6   day of October, 2015, at Santa Monica, California.

7

8                                   /s/ Annie H. Knuth
                                    Annie H. Knuth

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

KNUTH DECL. IN SUPPORT OF ACACIA'S RESPONSE TO JOINT STIPULATION

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **NEXUS DISPLAY TECHNOLOGIES LLC,** | § | **Civil Action No: 2:14-cv-00762** |
| | § | **(Lead Case)** |
| **Plaintiff,** | § | |
| | § | **Jury Trial Requested** |
| **v.** | § | |
| | § | |
| **DELL INC.** | § | **Civil Action No: 2:14-cv-00762** |
| **LENOVO (UNITED STATES) INC.** | § | **Civil Action No. 2:14-cv-00763** |
| **PANASONIC CORP. OF NORTH** | § | **Civil Action No. 2:14-cv-00764** |
| **AMERICA** | § | |
| **EIZO CORP. AND EIZO INC.** | § | **Civil Action No. 2:14-cv-00765** |
| **NEC CORP. AND NEC DISPLAY** | § | **Civil Action No. 2:14-cv-00766** |
| **SOLUTIONS OF AMERICA, INC.** | § | **(Consolidated Cases)** |
| | § | |
| **Defendants.** | § | |
| | § | |

## DOCKET CONTROL ORDER

The Parties Joint Motion for Entry of Proposed Discovery Order (Dkt. No. 44) is hereby GRANTED IN PART. It is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| January 11, 2016 | *Jury Selection – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| November 30, 2015 | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| November 25, 2015 | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| November 23, 2015 | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, and Responses to Motions *in Limine* |
| November 16, 2015 | *File Notice of Request for Daily Transcript or Real Time Reporting. |

|  | If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
|---|---|
| November 9, 2015 | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| November 9, 2015 | Serve Objections to Rebuttal Pretrial Disclosures |
| November 2, 2015 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| October 19, 2015 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| September 21, 2015 | *File Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No dispositive motion or motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| September 21, 2015 | Deadline to Complete Expert Discovery |
| September 7, 2015 | Serve Disclosures for Rebuttal Expert Witnesses |
| August 10, 2015 | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| August 10, 2015 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| July 27, 2015 | *Deadline to File Letter Briefs Regarding Dispositive Motions |
| July 20, 2015 | Deadline to Complete Mediation<br><br>The parties are responsible for ensuring that a mediation report is filed no later than 5 days after the conclusion of mediation. *See* L.R. App. H. |
| July 13, 2015 | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |

| June 22, 2015 | *Claim Construction Hearing – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| --- | --- |
| June 8, 2015 | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| June 1, 2015 | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| May 25, 2015 | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| May 11, 2015 | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any) |
| June 4, 2014 | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| April 20, 2015 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| April 20, 2015 | File Response to Amended Pleadings |
| April 6, 2015 | *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| March 30, 2015 | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| March 9, 2015 | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| February 16, 2015 | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |
| January 9, 2015 | Comply with Paragraph 3 of the Discovery Order |
| December 22, 2014 | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) |
| November 24, 2014 | *File Proposed Protective Order and Comply with Paragraph 1 of the Discovery Order<br><br>The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |
| November 17, 2014 | *File Proposed Docket Control Order and Proposed Discovery Order |

|  | The Proposed Docket Control Order and Proposed Discovery Order shall be filed as separate motions with the caption indicating whether or not the proposed order is opposed in any part. |
| --- | --- |
| December 22, 2014 | Join Additional Parties |
| November 6, 2014 | *File Notice of Mediator |
| November 3, 2014 | Comply with P.R. 3-1 & 3-2 (Infringement Contentions) |

(*) indicates a deadline that cannot be changed without showing good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Notice of Mediator**: The parties are to jointly file a notice that identifies the agreed upon mediator or indicates that no agreement was reached. If the parties do not reach an agreement, the Court will appoint a mediator. The parties should not file a list of mediators to be considered by the Court.

**Summary Judgment Motions**: Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than the deadline for filing letter briefs. Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted. Letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.

**Indefiniteness**: In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motions for Continuance**: The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)     The fact that there are motions for summary judgment or motions to dismiss pending;

(b)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)     The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO"):**  Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO.  The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged).  In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**So ORDERED and SIGNED this 21st day of November, 2014.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

# **<u>EXHIBIT 2</u>**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **NEXUS DISPLAY TECHNOLOGIES LLC,** | § | **Civil Action No: 2:14-cv-00762-RWS** |
| | § | **(Lead Case)** |
| **Plaintiff,** | § | |
| | § | **Jury Trial Requested** |
| **v.** | § | |
| | § | |
| **DELL INC.** | § | **Civil Action No: 2:14-cv-00762-RWS** |
| **LENOVO (UNITED STATES) INC.** | § | **Civil Action No. 2:14-cv-00763-RWS** |
| | § | **(Consolidated Cases)** |
| | § | |
| **Defendants.** | § | |
| | § | |

## ORDER GRANTING EXTENSION OF TIME TO COMPLETE FACT DISCOVERY AND FILE MOTIONS TO COMPEL

Before the Court is Plaintiff's Unopposed Motion for Extension of Time to Complete Fact Discovery.

The Court is of the opinion that said motion should be GRANTED.

IT IS THEREFORE ORDERED that the fact discovery deadline and file motions to compel is extended up to and including August 31, 2015. The parties are ORDERED to submit a revised Docket Control Order consistent with all remaining deadlines.

**SIGNED this 31st day of July, 2015.**

_Robert W Schroeder III_
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

**EXHIBIT 3**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **NEXUS DISPLAY TECHNOLOGIES LLC,** | § | **Civil Action No: 2:14-cv-00762-RWS** |
| | § | **(Lead Case)** |
| **Plaintiff,** | § | |
| | § | **Jury Trial Requested** |
| **v.** | § | |
| | § | |
| **DELL INC.** | § | **Civil Action No: 2:14-cv-00762-RWS** |
| **LENOVO (UNITED STATES) INC.** | § | **Civil Action No. 2:14-cv-00763-RWS** |
| | § | **(Consolidated Cases)** |
| | § | |
| **Defendants.** | § | |

## <u>ORDER</u>

The Court, upon consideration of the Unopposed Motion for Extension, finds that the motion should be GRANTED.

It is hereby ORDERED that the deadlines for the parties to complete fact discovery and file motions to compel discovery is extended to September 7, 2015.  The deadline to serve Expert Reports is September 23, 2015 and Rebuttal Expert Reports are due October 21, 2015.  The deadline to complete Expert Discovery is November 4, 2015.

**SIGNED this 14th day of September, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

# EXHIBIT 4

## Knuth, Annie H.

| From: | Nguyen, Nancy N. |
|---|---|
| Sent: | Wednesday, June 24, 2015 4:41 PM |
| To: | 'Thompson, Aaron'; 'kbarry@winston.com'; Knuth, Annie H. |
| Cc: | 'Reilly, Beth'; 'Anderson, Kimball R.'; 'apesce@winston.com'; 'ddacus@dacusfirm.com'; 'JAndre@winston.com'; 'kbarry@winston.com'; 'Khan, Omar'; 'Major, Amanda'; 'Matuschak, Mark'; Schneider, Marc J. |
| Subject: | RE: NDT v. Dell: Subpoena to Acacia |

Aaron,

Acacia has clearly and repeatedly stated its position that Acacia has transferred all documents related to the patents-in-suit to NDT. During our call on May 28th, Dell raised questions about the appropriate entity from whom to seek documents responsive to Requests 4, 5, 6, and 11. As stated in our last correspondence on June 15th, Requests 4, 5, 6, and 11 all relate to the patents-in-suit (*e.g.*, Request 4: "All documents related to or reflecting your negotiations with Silicon Image regarding the Asserted Patents, including..."). Since all documents related to the patents-in-suit are in NDT's possession, custody, or control, all responsive documents are in the possession of NDT and should be sought from NDT.

In our June 15th email, we also asked you to identify the Requests in the subpoena, if any, that you believe capture documents beyond those that relate to the patents-in-suit (i.e., any requests that seek documents that would not be in the possession of NDT), so we could meet and confer about any such requests. Your June 23rd email fails to identify any such Requests, so we assume you only seek documents that relate to the patents-in-suit (all of which are in the possession of NDT).

In sum, you only seek documents that relate to the patents-in-suit. Of course, that makes sense because documents that do not relate to the patents-in-suit would not appear to have any relevance to your case. Since you only seek documents related to the patents-in-suit, and NDT is in possession of all documents related to the patents-in-suit, you will receive all the documents that you seek from NDT. There is nothing for Acacia to add to this production.

Best,

Nancy


**Nancy N. Nguyen**



Stradling Yocca Carlson & Rauth, P.C.
660 Newport Center Drive, Suite 1600 | Newport Beach, CA 92660
(o) 949.725.4110 | (f) 949.823.5110
n.nguyen@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

**From:** Thompson, Aaron [mailto:Aaron.Thompson@wilmerhale.com]
**Sent:** Tuesday, June 23, 2015 3:11 PM

**To:** Nguyen, Nancy N.; kbarry@winston.com; Knuth, Annie H.
**Cc:** Reilly, Beth; Anderson, Kimball R.; apesce@winston.com; ddacus@dacusfirm.com; JAndre@winston.com; kbarry@winston.com; Khan, Omar; Major, Amanda; Matuschak, Mark
**Subject:** RE: NDT v. Dell: Subpoena to Acacia

Nancy:

Our question is not complicated, but we have yet to receive a direct answer.

If it is NDT and Acacia's position that NDT has access to all documents, communications, and other things in Acacia's possession, please confirm. Presumably, we will be able to obtain what we need from NDT.

But if it is NDT and Acacia's position that NDT does not have full access to the documents, communications, and other things in Acacia's possession, given Acacia's response to Dell's subpoena, we will need to continue to negotiate with Acacia (and possibly file a motion to compel against Acacia). As you are aware, Acacia's response to Dell's subpoena refuses to produce any documents.

This question has been pending for nearly four weeks now. Please let us know your position by close of business tomorrow. In any event, please provide times that you are available to meet and confer this week.

Best regards,
Aaron Thompson

**From:** Nguyen, Nancy N. [mailto:n.nguyen@sycr.com]
**Sent:** Monday, June 15, 2015 5:08 PM
**To:** kbarry@winston.com; Knuth, Annie H.
**Cc:** Thompson, Aaron; Reilly, Beth; Anderson, Kimball R.
**Subject:** RE: NDT v. Dell: Subpoena to Acacia

Dear Kathleen and Aaron,

We are looking into the issues that we discussed on May 28, 2015. Upon further review of the document requests that you raised during our call, Request Nos. 4, 5, 6, and 11, these requests all relate to the patents-in-suit. As we have stated, all documents related to the patents-in-suit would be in the possession of Nexus Display Technologies. To the extent you are seeking specific documents in the Requests beyond those related to the patents-in-suit, please specify which documents these are that you believe are in Acacia's possession and would be relevant to the litigation.

Best,

Nancy


**Nancy N. Nguyen**



Stradling Yocca Carlson & Rauth, P.C.
660 Newport Center Drive, Suite 1600 | Newport Beach, CA 92660
(o) 949.725.4110 | (f) 949.823.5110
n.nguyen@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

**From:** Barry, Kathleen B. [mailto:KBarry@winston.com]
**Sent:** Friday, June 12, 2015 11:16 AM
**To:** Nguyen, Nancy N.; Knuth, Annie H.
**Cc:** Thompson, Aaron; Reilly, Beth (Beth.Reilly@wilmerhale.com); Anderson, Kimball R.
**Subject:** RE: NDT v. Dell: Subpoena to Acacia

Annie and Nancy,

We write in follow-up to our meet and confer on May 28 regarding Acacia's objections and responses to Dell's subpoena. Per our discussion, you were going to confer whether or not Nexus Display has complete access to all Acacia's documents and not simply documents related to the Asserted Patents. Although you indicated that you would get back to us last week, we have not heard from you. Would you please let us know Acacia's position by the close of business on Monday, June 15?

As we explained to you during our meet and confer, if Nexus does not have complete and unfettered access to all Acacia's documents, we will need to move to compel documents responsive to the subpoena from Acacia.

Regards,
Kathleen


**Kathleen Barry**
Winston & Strawn LLP
D: +1 (312) 558-8046
winston.com



**From:** Thompson, Aaron [mailto:Aaron.Thompson@wilmerhale.com]
**Sent:** Wednesday, May 27, 2015 11:40 PM
**To:** Nguyen, Nancy N.
**Cc:** Knuth, Annie H.
**Subject:** RE: NDT v. Dell: Subpoena to Acacia

Yes. Please use the following dial-in.

**access number: 800-227-6333**
**access code:712-5382**

Best regards,
Aaron Thompson

**From:** Nguyen, Nancy N. [mailto:n.nguyen@sycr.com]
**Sent:** Wednesday, May 27, 2015 5:42 PM
**To:** Thompson, Aaron

**Cc:** Knuth, Annie H.
**Subject:** RE: NDT v. Dell: Subpoena to Acacia

Hi Aaron,

We are also available at 11:00 AM tomorrow. Is there a dial-in number you can circulate, since there will be multiple people joining the call?

Thanks,

Nancy


**Nancy N. Nguyen**



Stradling Yocca Carlson & Rauth, P.C.
660 Newport Center Drive, Suite 1600 | Newport Beach, CA 92660
(o) 949.725.4110 | (f) 949.823.5110
n.nguyen@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

**From:** Thompson, Aaron [mailto:Aaron.Thompson@wilmerhale.com]
**Sent:** Wednesday, May 27, 2015 2:43 PM
**To:** Nguyen, Nancy N.
**Cc:** Knuth, Annie H.
**Subject:** RE: NDT v. Dell: Subpoena to Acacia

Nancy:

We are available tomorrow (Thursday) at 11 AM PT. Please confirm that works for you.

Best regards,
Aaron Thompson


**From:** Nguyen, Nancy N. [mailto:n.nguyen@sycr.com]
**Sent:** Tuesday, May 26, 2015 10:59 AM
**To:** Thompson, Aaron
**Cc:** Knuth, Annie H.
**Subject:** RE: NDT v. Dell: Subpoena to Acacia

Hi Aaron,

Please let us know when you would like to set up a meet and confer. Annie and I are both available either Wednesday or Thursday this week. You mentioned there were several other parties we would need to coordinate with. Can you clarify what other parties plan to attend the meet and confer?

Thanks,

Nancy

**Nancy N. Nguyen**



Stradling Yocca Carlson & Rauth, P.C.
660 Newport Center Drive, Suite 1600 | Newport Beach, CA 92660
(o) 949.725.4110 | (f) 949.823.5110
n.nguyen@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

**From:** Nguyen, Nancy N.
**Sent:** Thursday, May 21, 2015 11:56 AM
**To:** 'Thompson, Aaron'
**Cc:** Knuth, Annie H.
**Subject:** RE: NDT v. Dell: Subpoena to Acacia

Hi Aaron,

Thanks for speaking with me on the phone.  As we discussed, my colleague, Annie Knuth, is primarily handling Acacia's response to the subpoena.  She will be back in the office starting Tuesday of next week, May 26th.  We would appreciate postponing the meet and confer until Annie is able to attend.  I've copied Annie here so we can coordinate a time next week.

Thanks,

Nancy

**Nancy N. Nguyen**



Stradling Yocca Carlson & Rauth, P.C.
660 Newport Center Drive, Suite 1600 | Newport Beach, CA 92660
(o) 949.725.4110 | (f) 949.823.5110
n.nguyen@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

**From:** Thompson, Aaron [mailto:Aaron.Thompson@wilmerhale.com]
**Sent:** Tuesday, May 19, 2015 9:36 PM
**To:** Nguyen, Nancy N.
**Cc:** kbarry@winston.com; ddacus@dacusfirm.com; Matuschak, Mark; Reilly, Beth; Khan, Omar; Zubler, Todd
**Subject:** NDT v. Dell: Subpoena to Acacia

Ms. Nguyen:

Dell is in receipt of Acacia's May 14 letter and Acacia's objections to Dell's document subpoena in the matter of Nexus Display Technologies v. Dell Inc.

Please let us know whether you are available on Wednesday or Thursday to meet-and-confer.

Best regards,
Aaron Thompson

**Aaron Thompson | WilmerHale**
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071 USA
+1 213 443 5382 (t)
+1 213 443 5400 (f)
aaron.thompson@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

# EXHIBIT 5



**Stradling**
Attorneys at Law

STRADLING YOCCA CARLSON & RAUTH, P.C.
660 NEWPORT CENTER DRIVE, SUITE 1600
NEWPORT BEACH, CA 92660-6422
SYCR.COM

NEWPORT BEACH
RENO
SACRAMENTO
SAN DIEGO
SAN FRANCISCO
SANTA BARBARA
SANTA MONICA

NANCY NGUYEN
949.725.4110
N.NGUYEN@SYCR.COM

July 15, 2015

**By U.S. Mail and Email**

Mr. Aaron Thompson
Wilmer Hale
350 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Email: aaron.thompson@wilmerhale.com

> Re:  Third Party Subpoena to Acacia Research Group, LLC in *Nexus Display Technologies LLC v. Dell, Inc.*, Civ Act. No. 2:14-cv-762 (E.D. Tex.)

Dear Mr. Thompson:

This letter responds to your June 30, 2015 correspondence regarding the third-party subpoena for production of documents served on Acacia Research Group LLC ("ARG") by Dell Inc. ("Dell") (the "Subpoena") and clarifies a number of inaccuracies and mischaracterizations in your June 30 letter. This letter is not exhaustive, however, and the fact that we are not correcting every inaccuracy or misstatement in your June 30 letter should not be taken as agreement with your mischaracterizations. This letter also serves to memorialize our meet and confer call with Kathleen Barry and my colleague, Annie Knuth, on July 9, 2015.

**I.     ARG Has Complied With Its Discovery Obligations; Dell Should Seek Documents Related To The Asserted Patents From NDT To Avoid Imposing Undue Burden On Third-Party ARG.**

As a threshold matter, your numerous claims that ARG "flatly refuse[s] to provide any documents" throughout our communications mischaracterizes our discussions and only moves us further backwards in this process. ARG has fully complied with its discovery obligations as a third party. ARG has provided full and complete responses to the Subpoena in a timely manner, and ARG has been and remains committed to meeting and conferring regarding the documents sought in the Subpoena.

Second, as I raised in my June 15, 2015 email and repeated in my June 24, 2015 email, Dell has yet to identify any requests in the Subpoena that seek relevant documents beyond those related to the Asserted Patents (as defined in the Subpoena). ARG can only assume that Dell seeks only documents that relate to the Asserted Patents, which are in Nexus Display Technologies LLC's ("NDT") possession, custody, or control, as discussed in further detail below.

Third, rather than engaging in meaningful meet and confer discussions, you have repeatedly asked whether NDT has "unfettered" or "unencumbered access" to "all of Acacia's files," which is

LITTOC/2120531v7/101023-0061

Mr. Aaron Thompson
July 15, 2015
Page Two

entirely irrelevant.  Subpoenas may only request production of documents that are non-privileged <u>and</u> "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).  "[A]ll of Acacia's files" necessarily encompass documents involving thousands of patent portfolios and numerous ARG affiliates, of which NDT and the Asserted Patents are only one.  NDT's access to *all* ARG's documents has no bearing on NDT's ability to produce non-privileged, relevant documents, or on ARG's compliance with the Subpoena.

Fourth, as I have repeatedly stated, all documents related to the Asserted Patents are in the possession, custody, or control of NDT.  We understand that NDT is complying with its discovery obligations in the underlying action, as discussed in Section II below.  In light of this, any production by ARG would be entirely duplicative and unduly burdensome as any such documents available to ARG are also available to the Plaintiff.  ARG is not required to re-produce documents that are available to the Plaintiff.  *See, e.g.*, *Insituform Techs., Inc. v. CAT Contracting, Inc.*, 914 F. Supp. 286, 287 (N.D. Ill. 1996) (holding a party should not be permitted to seek information from a non-party that they can obtain from the opposing party). Accordingly, because Request Nos. 2-13 and 16-17 all seek documents related to the Asserted Patents, these documents should be sought from NDT.

Fifth, it is not "clear[]" that ARG "cannot on the one hand maintain that it is a third-party to the litigation" simply because NDT is ARG's affiliate and NDT's "officers and directors are Acacia personnel, and Nexus licenses the patents from Acacia."  NDT does not license the patents from ARG.  ARG has assigned complete ownership of the Asserted Patents to NDT, and NDT is not licensing the Asserted Patents from any entity.  ARG is not a party to the litigation nor has it asserted any claims against Dell.  Your definition of "Acacia" in the Subpoena intentionally conflates ARG with Acacia Research Corporation ("ARC") and "their partnerships, predecessors, successors, subsidiaries . . . ."  The Subpoena was directed to ARG alone, and ARG will only respond on its own behalf.

## II.    Dell's Threats To Move To Compel ARG To Produce Documents Are Improper Attempts To Circumvent Judge Gilstrap's E-Discovery Order.

Dell's threats to move to compel third-party ARG for production are an improper attempt to circumvent an e-discovery order in place in the underlying action.  Pursuant to Judge Gilstrap's Agreed Order Regarding E-Discovery In Patent Cases entered into on or about December 3, 2014 (Dkt. No. 58, the "E-Discovery Order"), Judge Gilstrap ordered Dell and NDT to agree on a set of search terms per custodian per party prior to collecting, reviewing, and producing any electronically stored information ("ESI").  ARG is informed that e-discovery has not yet commenced in the action.  As Dell is aware, many of the documents presumably responsive to the Subpoena consist of ESI.  Dell's attempt to seek production of ESI from ARG, before the parties themselves have begun the e-discovery process, is improper under the Federal Rules of Civil Procedure and the E-Discovery Order.  *See* Fed. R. Civ. P. 26(b).

It is clear that any motion to compel against ARG would be premature and unwarranted, since Dell and NDT have not even begun e-discovery efforts.  Even if such a motion against ARG were not premature (which it is), however, your reliance on *L.G. Electronics, Inc. v.*

Mr. Aaron Thompson
July 15, 2015
Page Three

*Motorola, Inc.* and *In re Honeywell International, Inc. Securities Litigation* for the proposition
that third-party ARG is not relieved of its obligations to produce documents when the same
documents are more readily available from another party, is misplaced. In *L.G. Electronics*, the
court only compelled non-party Motorola, Inc. to produce documents, over Motorola's
objections that they were equally available from the plaintiff, that were *uniquely* in Motorola's
possession and thus *not* equally available to a party. *See* 2010 U.S. Dist. LEXIS 79047, at *14-
16 (N.D. Ill. Aug. 5, 2010) (compelling production of the "predecisional analysis" that defendant
claimed is "uniquely in [the] possession" of Motorola). Additionally, *In re Honeywell* involved
files that PwC, as Honeywell's auditor, received from Honeywell, which the court noted may
have been materially altered once it was in PwC's possession. *See* 230 F.R.D. 293, 301
(S.D.N.Y. 2003). The converse is true here—ARG has transferred all files related to the
Asserted Patents to NDT. There is nothing in ARG's possession that would be different or
altered from the documents that are in NDT's possession, custody, or control.

Indeed, ARG's position is consistent with decisions in several other courts refusing to
compel third parties to produce documents available to party opponents under similar
circumstances. *See, e.g.*, *In re Plastics Additives Antirust Litig.*, No. 03-2038, 2005 U.S. Dist.
LEXIS 47979, at *12 (E.D. Pa. Aug. 9, 2005) (vacated on other grounds) (quashing third party
subpoena that was "unduly burdensome because . . . the desired documentation [was] obtainable
from a more convenience source—the class plaintiffs") (citing Fed. R. Civ. P. 26(b)(2));
*Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 977-78 (Fed. Cir. 1993) (requiring party to
seek discoverable material from party opponent prior to commencing ancillary proceeding
against nonparty for purposes of obtaining relevant documents); *Nidec Corp. v. Victor Co.*, 249
F.R.D. 575, 576-77 (N.D. Cal. 2007) (granting motion to quash third-party subpoena where "the
vast majority of the discovery sought . . . is discovery obtainable from a source more direct,
convenient and less burdensome- namely, from Defendants"); *First Aviation Servs. v. Gulf Ins.
Co.*, 205 F.R.D. 65, 69 (D. Conn. 2001) (denying motion to compel production of documents
against third party because defendant possesses documents sought by plaintiff).

ARG maintains a willingness to meet and confer regarding the Requests in the Subpoena.
Dell's refusal to cooperate and threats to file a premature and improper motion to compel,
however, continue to hamper any meaningful meet and confer discussions.

## III.   Dell Refused To Cooperate With ARG During The Meet And Confer Call On July 9, 2015, Despite ARG's Willingness To Resolve These Issues Without Court Intervention.

During our meet and confer call on July 9, 2015, we again asked you to identify the
documents that Dell is seeking from ARG that Dell either has not received from NDT, or
believes it cannot obtain from NDT. We repeated our position that many—if not all—of the
documents requested in the Subpoena are related to the Asserted Patents and thus in NDT's
possession, custody, or control. For the first time, you provided a few helpful examples of
documents that Dell sought. Ms. Barry, however, insisted that ARG has an obligation to produce
documents that are likely duplicative of NDT's document production. We disagree with your

Mr. Aaron Thompson
July 15, 2015
Page Four

position regarding ARG's obligations as a third party, based on the cases cited above.

We further discussed Request Nos. 1 and 3 of the Subpoena, which, with your clarifications, we offered to discuss with our client regarding potential production. Rather than extend the professional courtesy of allowing us to discuss these (and other) Requests in the Subpoena with our client, you demanded a definitive answer as to whether ARG would agree to produce documents. We explained that your June 30 letter—sent just over a week ago and only a few days prior to the Independence Day Holiday—was the first time Dell had enumerated its arguments as to each of the Requests in the Subpoena.[1] Accordingly, due to holiday schedules, we have not had sufficient time to discuss in detail each of the 19 Requests in your 13-page letter dated June 30 with our client.[2] Thus, we explained that we needed to discuss with our client further what, if any, documents ARG would produce.

Again, rather than extend professional courtesy, you repeatedly threatened to move to compel ARG to produce documents. You asserted that you have not received any documents from NDT and were therefore seeking the same documents from ARG. Your basis for seeking documents from ARG (a third party) rather than from NDT (a party to the litigation) is specious at best. If Dell disputes the sufficiency of NDT's production—the majority of which has not yet even begun, pursuant to Judge Gilstrap's E-Discovery Order—Dell should resolve these issues with NDT.

### IV. ARG's Response To Each Of The Requests In The Subpoena, As Detailed In Your June 30 Letter.

For completeness, I have addressed each of the Subpoena's Requests below in response to your June 30 letter.

### Request for Production No. 1

Your assertion that Request No. 1 is "plainly relevant because Nexus obtained its rights to the asserted patents from Acacia" misses the point. The point is that the requested documents are in the possession of NDT. NDT has all documents relating to its corporate formation and its plans for the Asserted Patents. I asked you to identify which documents you believe that Dell is entitled to, that would not be related to the Asserted Patents. You did not specify any such documents, so we assume you only seek documents that relate to the Asserted Patents, all of which are in NDT's possession.

---

[1] As you recall, your prior meet and confer efforts only focused on irrelevant issues, such as whether NDT had access to all of ARG's documents.

[2] We also explained that a few additional days would allow us to further discuss with our client the possibility of a global resolution to propose to Dell. You, however, stated that this was "insufficient" and expressed your intention to move to compel despite ARG's willingness to resolve this without court intervention.

Mr. Aaron Thompson
July 15, 2015
Page Five

Your assertion that ARG's objections are "boilerplate" is without merit.  Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature.  ARG's objection is necessary to preserve ARG's rights.  *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("A nonparty's failure to make timely objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived.").  ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections.  *See DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.)*, 151 F.3d 75, 81 (2d Cir. 1998) (a privilege log need only follow "within a reasonable time" after timely objections have been asserted).

### Request for Production No. 3[3]

Contrary to your statement that ARG "has refused to indicate what documents it provided to Nexus," I repeatedly told you that ARG has transferred all documents related to the Asserted Patents to NDT.  This Request seeks documents directly related to the Asserted Patents.  Thus, any responsive documents would be in NDT's possession, custody, or control.  To the extent you believe you have not received documents responsive to this Request, those issues should be addressed with NDT.  Any further production from ARG is entirely duplicative and would impose an unnecessary and inappropriate burden on ARG.

Your assertion that ARG's objections are "boilerplate" is without merit.  Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature.  ARG's objection is necessary to preserve ARG's rights.  *See Moon*, 232 F.R.D. at 636.  ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections.  *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 4

As I communicated in my June 15 email, this Request relates to the Asserted Patents.  Thus, any responsive documents have been transferred to NDT and are in NDT's possession, custody, or control.  To the extent you believe you have not received documents responsive to this Request, those documents should be sought from NDT.  Any further production from ARG is entirely duplicative and would impose an unnecessary and inappropriate burden on ARG.

Your assertion that ARG's objections are "boilerplate" is without merit.  Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless

---

[3] Your June 30, 2015 letter does not specifically address Request No. 2 of the Subpoena, so we assume that this Request is not at issue.  Even if it were, however, licenses related to the Asserted Patents are in NDT's possession, custody, or control, and Dell should seek any non-privileged documents responsive to this Request directly from NDT.

Mr. Aaron Thompson
July 15, 2015
Page Six

and premature. ARG's objection is necessary to preserve ARG's rights. *See Moon*, 232 F.R.D. at 636. ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections. *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 5

Contrary to your statement that ARG "has refused to indicate what documents it provided to Nexus," I repeatedly told you that ARG has transferred all documents related to the Asserted Patents to NDT. This Request seeks documents directly related to the Asserted Patents. Thus, any responsive documents would be in NDT's possession, custody, or control. To the extent you believe you have not received documents responsive to this Request, those issues should be addressed with NDT. Any further production from ARG is entirely duplicative and would impose an unnecessary and inappropriate burden on ARG.

Your assertion that ARG's objections are "boilerplate" is without merit. Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature. ARG's objection is necessary to preserve ARG's rights. *See Moon*, 232 F.R.D. at 636. ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections. *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 6

Contrary to your statement that ARG "has refused to indicate what documents it provided to Nexus," I repeatedly told you that ARG has transferred all documents related to the Asserted Patents to NDT. This Request seeks documents directly related to the Asserted Patents. Thus, any responsive documents would be in NDT's possession, custody, or control. To the extent you believe you have not received documents responsive to this Request, those issues should be addressed with NDT. Any further production from ARG is entirely duplicative and would impose an unnecessary and inappropriate burden on ARG.

Your assertion that ARG's objections are "boilerplate" is without merit. Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature. ARG's objection is necessary to preserve ARG's rights. *See Moon*, 232 F.R.D. at 636. ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections. *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 7

Contrary to your statement that ARG "has refused to indicate what documents it provided to Nexus," I repeatedly told you that ARG has transferred all documents related to the Asserted Patents to NDT. This Request seeks documents directly related to the Asserted Patents. Thus, any responsive documents would be in NDT's possession, custody, or control. To the extent you believe you have not received documents responsive to this Request, those issues should be

Mr. Aaron Thompson
July 15, 2015
Page Seven

addressed with NDT. Any further production from ARG is entirely duplicative and would impose an unnecessary and inappropriate burden on ARG.

Your assertion that ARG's objections are "boilerplate" is without merit. Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature. ARG's objection is necessary to preserve ARG's rights. *See Moon*, 232 F.R.D. at 636. ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections. *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 8

To the extent that this Request seeks documents directly related to the Asserted Patents, such documents are in NDT's possession, custody, or control. Dell should thus seek these documents from NDT. To the extent that this Request seeks documents related to ARG's financial statements and other financial documents, those documents are a matter of public record easily obtainable by Dell.

Your assertion that ARG's objections are "boilerplate" is without merit. Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature. ARG's objection is necessary to preserve ARG's rights. *See Moon*, 232 F.R.D. at 636. ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections. *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 9

Contrary to your statement that ARG "has refused to indicate what documents it provided to Nexus," I repeatedly told you that ARG has transferred all documents related to the Asserted Patents to NDT. This Request seeks documents directly related to the Asserted Patents. Thus, any responsive documents would be in NDT's possession, custody, or control. To the extent you believe you have not received documents responsive to this Request, those issues should be addressed with NDT. Any further production from ARG is entirely duplicative and would impose an unnecessary and inappropriate burden on ARG.

Your assertion that ARG's objections are "boilerplate" is without merit. Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature. ARG's objection is necessary to preserve ARG's rights. *See Moon*, 232 F.R.D. at 636. ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections. *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 10

Contrary to your statement that ARG "has refused to indicate what documents it provided

Mr. Aaron Thompson
July 15, 2015
Page Eight

to Nexus," I repeatedly told you that ARG has transferred all documents related to the Asserted Patents to NDT. This Request seeks documents directly related to the Asserted Patents. Thus, any responsive documents would be in NDT's possession, custody, or control. To the extent you believe you have not received documents responsive to this Request, those issues should be addressed with NDT. Any further production from ARG is entirely duplicative and would impose an unnecessary and inappropriate burden on ARG.

Your assertion that ARG's objections are "boilerplate" is without merit. Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature. ARG's objection is necessary to preserve ARG's rights. *See Moon*, 232 F.R.D. at 636. ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections. *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 11

Contrary to your statement that ARG "has refused to indicate what documents it provided to Nexus," I repeatedly told you that ARG has transferred all documents related to the Asserted Patents to NDT. This Request seeks documents directly related to the Asserted Patents. Thus, any responsive documents would be in NDT's possession, custody, or control. To the extent you believe you have not received documents responsive to this Request, those issues should be addressed with NDT. Any further production from ARG is entirely duplicative and would impose an unnecessary and inappropriate burden on ARG.

Your assertion that ARG's objections are "boilerplate" is without merit. Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature. ARG's objection is necessary to preserve ARG's rights. *See Moon*, 232 F.R.D. at 636. ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections. *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 12

Contrary to your statement that ARG "has refused to indicate what documents it provided to Nexus," I repeatedly told you that ARG has transferred all documents related to the Asserted Patents to NDT. This Request seeks documents directly related to the Asserted Patents. Thus, any responsive documents would be in NDT's possession, custody, or control. To the extent you believe you have not received documents responsive to this Request, those issues should be addressed with NDT. Any further production from ARG is entirely duplicative and would impose an unnecessary and inappropriate burden on ARG.

Your assertion that ARG's objections are "boilerplate" is without merit. Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature. ARG's objection is necessary to preserve ARG's rights. *See Moon*, 232 F.R.D.

Mr. Aaron Thompson
July 15, 2015
Page Nine

at 636.  ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections.  *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 13

Contrary to your statement that ARG "has refused to indicate what documents it provided to Nexus," I repeatedly told you that ARG has transferred all documents related to the Asserted Patents to NDT.  This Request seeks documents directly related to the Asserted Patents.  Thus, any responsive documents would be in NDT's possession, custody, or control.  To the extent you believe you have not received documents responsive to this Request, those issues should be addressed with NDT.  Any further production from ARG is entirely duplicative and would impose an unnecessary and inappropriate burden on ARG.

Your assertion that ARG's objections are "boilerplate" is without merit.  Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature.  ARG's objection is necessary to preserve ARG's rights.  *See Moon*, 232 F.R.D. at 636.  ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections.  *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 14

To the extent that this Request seeks documents relating to the relationship between the HDMI Standard and the DisplayPort Standard as they relate to the Asserted Patents, such documents have been transferred to NDT.  Dell should thus seek these documents from NDT.  To the extent that this Request seeks documents relating to the general relationship between the HDMI Standard and the DisplayPort Standard without any scope limitations, such a Request is overbroad and unduly burdensome.  Dell has made no effort to explain how such documents would be relevant to its case or to narrow the scope of this Request to that relevant information.

Your assertion that ARG's objections are "boilerplate" is without merit.  Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature.  ARG's objection is necessary to preserve ARG's rights.  *See Moon*, 232 F.R.D. at 636.  ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections.  *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 15

To the extent that this Request seeks documents relating to the relationship between the DVI Standard and the DisplayPort Standard as they relate to the Asserted Patents, such documents have been transferred to NDT.  Dell should thus seek these documents from NDT.  To the extent that this Request seeks documents relating to the general relationship between the DVI Standard and the DisplayPort Standard without any scope limitations, such a Request is overbroad and unduly burdensome.  Dell has made no effort to explain how such documents

Mr. Aaron Thompson
July 15, 2015
Page Ten

would be relevant to its case or to narrow the scope of this Request to that relevant information.

Your assertion that ARG's objections are "boilerplate" is without merit. Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature. ARG's objection is necessary to preserve ARG's rights. *See Moon*, 232 F.R.D. at 636. ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections. *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 16

Contrary to your statement that ARG "has refused to indicate what documents it provided to Nexus," I repeatedly told you that ARG has transferred all documents related to the Asserted Patents to NDT. This Request seeks documents directly related to the Asserted Patents. Thus, any responsive documents would be in NDT's possession, custody, or control. To the extent you believe you have not received documents responsive to this Request, those issues should be addressed with NDT. Any further production from ARG is entirely duplicative and would impose an unnecessary and inappropriate burden on ARG.

Your assertion that ARG's objections are "boilerplate" is without merit. Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature. ARG's objection is necessary to preserve ARG's rights. *See Moon*, 232 F.R.D. at 636. ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections. *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 17

Contrary to your statement that ARG "has refused to indicate what documents it provided to Nexus," I repeatedly told you that ARG has transferred all documents related to the Asserted Patents to NDT. This Request seeks documents directly related to the Asserted Patents. Thus, any responsive documents would be in NDT's possession, custody, or control. To the extent you believe you have not received documents responsive to this Request, those issues should be addressed with NDT. Any further production from ARG is entirely duplicative and would impose an unnecessary and inappropriate burden on ARG.

Your assertion that ARG's objections are "boilerplate" is without merit. Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature. ARG's objection is necessary to preserve ARG's rights. *See Moon*, 232 F.R.D. at 636. ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections. *See DG Creditor Corp.*, 151 F.3d at 81.

Mr. Aaron Thompson
July 15, 2015
Page Eleven

### Request for Production No. 18

To the extent that this Request seeks documents relating to royalties related to the Asserted Patents, such documents have been transferred to NDT. Dell should thus seek these documents from NDT. To the extent that this Request seeks documents relating to ARG's general assessment of royalties for patents without any scope limitations, such documents are irrelevant to the underlying litigation. The Request is also overbroad and unduly burdensome. Dell has made no effort to explain how such documents would be relevant to its case or to narrow the scope of this Request to that relevant information.

Your assertion that ARG's objections are "boilerplate" is without merit. Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature. ARG's objection is necessary to preserve ARG's rights. *See Moon*, 232 F.R.D. at 636. ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections. *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 19

This Request is overbroad and unduly burdensome, and Dell has made no effort to explain how such documents would be relevant to its case or to narrow the scope of this Request to that relevant information. To the extent that this Request seeks documents relating to ARG's general assessment of the effects of "patent pooling" or "royalty stacking" on patent licensing, such documents are irrelevant to the underlying litigation.

Your assertion that ARG's objections are "boilerplate" is without merit. Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature. ARG's objection is necessary to preserve ARG's rights. *See Moon*, 232 F.R.D. at 636. ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with its timely objections. *See DG Creditor Corp.*, 151 F.3d at 81.

### Request for Production No. 20

This Request is patently overbroad and unduly burdensome, and Dell has made no effort to narrow the scope of the Request to relevant information. To the extent that this Request seeks documents regarding NDT, all such documents have been transferred to NDT. Dell should thus seek these documents from NDT. To the extent that this Request seeks documents related to ARG board meeting minutes regarding NDT, those documents do not exist.

Your assertion that ARG's objections are "boilerplate" is without merit. Your accusation that "by failing to provide a privilege log, [ARG] failed to comply with Rule 45(e)(2)"—simply because ARG objected to the extent the Request seeks privileged information—is both baseless and premature. ARG's objection is necessary to preserve ARG's rights. *See Moon*, 232 F.R.D. at 636. ARG has no obligation under Rule 45(e)(2) to provide a privilege log concurrently with

Mr. Aaron Thompson
July 15, 2015
Page Twelve

its timely objections. *See DG Creditor Corp.*, 151 F.3d at 81.

Please do not hesitate to contact me if you have any questions regarding the issues raised above.

Very truly yours,

Nancy Nguyen
STRADLING YOCCA CARLSON & RAUTH, P.C.

Cc:   Kathleen Barry, Esq. (via e-mail only: kbarry@winston.com)
      Marc J. Schneider, Esq.

# **EXHIBIT 6**



STRADLING YOCCA CARLSON & RAUTH, P.C.
660 NEWPORT CENTER DRIVE, SUITE 1600
NEWPORT BEACH, CA 92660-6422
SYCR.COM

NANCY NGUYEN
949.725.4110
N.NGUYEN@SYCR.COM

NEWPORT BEACH
RENO
SACRAMENTO
SAN DIEGO
SAN FRANCISCO
SANTA BARBARA
SANTA MONICA

July 20, 2015

**By Overnight Mail and Email**

Mr. Aaron Thompson
Wilmer Hale
350 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Email: aaron.thompson@wilmerhale.com

> Re:     Third Party Deposition Subpoena to Acacia Research Group, LLC in *Nexus Display Technologies LLC v. Dell, Inc.*, Civ Act. No. 2:14-cv-762 (E.D. Tex.)

Dear Mr. Thompson:

I write in response to the subpoena for deposition testimony served on July 6[1], 2015, on third-party Acacia Research Group LLC ("ARG") by Dell Inc. ("Dell") (the "Subpoena"). The Subpoena raises numerous objections, which are set forth in greater detail in the enclosed objections.

First, we note that the Subpoena was not properly served with witness fees pursuant to Federal Rule of Civil Procedure 45(b)(1). This defect alone invalidates the service of the Subpoena and may warrant quashing the Subpoena. *See In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003).

Second, ARG objects that many of the topics are not limited to the Patents-in-Suit. To the extent you are seeking information that does not relate to the Patents-in-Suit, those topics do not seek relevant information. For example, the Subpoena makes numerous requests for irrelevant, confidential information regarding ARG's licensing policies, and communications and information regarding unrelated patents. Such information is unrelated to the ongoing litigation and is outside the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1).

Furthermore, July 27, 2015 is not a convenient deposition date. Given that Dell has also issued a deposition subpoena to plaintiff Nexus Display Technologies LLC ("NDT") with near-identical topics for deposition, ARG's testimony on the same information would be unduly burdensome and duplicative. Accordingly, if after (1) reviewing the documents produced by NDT; and (2) deposing NDT, you still believe that a Rule 30(b)(6) deposition of ARG is necessary, we can come to an agreement regarding the scope of the topics and a mutually agreeable date for deposition.

---

[1] Per my e-mail to you dated July 9, 2015, ARG agreed to accept service of the Subpoena effective July 6, 2015, despite Dell's prior attempts to serve ARG.

Mr. Aaron Thompson
July 20, 2015
Page Two


ARG is willing to meet and confer to discuss the issues raised above.  For brevity, this letter addresses only certain objections to the Subpoena and does not waive any of the other objections that may be asserted in ARG's Response to the Subpoena.

Please do not hesitate to contact me if you have any questions.


Very truly yours,

Nancy Nguyen
STRADLING YOCCA CARLSON & RAUTH, P.C.


Enclosure

Cc:     Marc J. Schneider, Esq.
        Annie H. Knuth, Esq.

# EXHIBIT 7

## Knuth, Annie H.

| | |
|---|---|
| **From:** | Klein, Eric <eklein@akingump.com> |
| **Sent:** | Friday, July 24, 2015 3:26 PM |
| **To:** | Jamie Aycock; LENOVO SERVICE NEXUS DISPLAY; Chan, Alex; Anderson, Kimball R.; Barry, Kathleen B. (External); Deron Dacus (ddacus@dacusfirm.com); Williams, Fred; Schneider, Marc J.; Knuth, Annie H.; Nguyen, Nancy N. |
| **Subject:** | RE: Nexus Corporate Rep Deposition |
| **Attachments:** | Lenovo_s 30(b)(6) Deposition Notice to Plaintiff Nexus Display.pdf |

Jamie,

We will proceed with Nexus Display's 30(b)(6) deposition on July 30 in Newport Beach. Please send us the address where Ms. Wagner will be presented.

So long as Ms. Wagner will be prepared on all topics related to Acacia and you agree to give us additional time (if needed) to complete our examinations, we may not need a separate deposition for Acacia.

Eric

**Eric J. Klein**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
1700 Pacific Avenue | Suite 4100 | Dallas, TX 75201-4624 | USA | Direct: +1 214.969.2751 | Internal: 12751
Fax: +1 214.969.4343 | Mobile: +1 972.207.1724 | eklein@akingump.com | akingump.com | Bio

**From:** Jamie Aycock [mailto:jamieaycock@AZALAW.COM]
**Sent:** Tuesday, July 21, 2015 7:36 PM
**To:** LENOVO SERVICE NEXUS DISPLAY; Klein, Eric; Chan, Alex; Anderson, Kimball R.; Barry, Kathleen B. (External); Deron Dacus (ddacus@dacusfirm.com); Williams, Fred; Schneider, Marc (External); AKnuth@SYCR.com; Nguyen, Nancy N.
**Subject:** Nexus Corporate Rep Deposition

Counsel,

Nexus is able to present its corporate representative on July 30th – the date noticed – but she will be presented in Newport Beach in California, not Dallas. Nexus will be designating Cristin Wagner as its representative on all topics. Because Ms. Wagner will be able to address all topics related to Nexus, the patents asserted, and their purchase by Acacia, this may obviate the need for a separate deposition of Acacia.

If you have additional questions about this deposition, it would probably be easiest for us to schedule a call that includes representatives of Nexus, Acacia, Dell and Lenovo. For that reason, I have included counsel for Acacia on this email.

1

Also, as it turns out, we also are able to present Mr. Key for deposition on 7/29 in Dallas as noticed.

Regards,
Jamie



**JAMIE ALAN AYCOCK**
713.600.4922 Dir | 713.655.1101 Main
713.655.0062 Fax
1221 McKinney Suite 3460
Houston, Texas 77010
jamieaycock@azalaw.com
vCard

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT 8



North America  Europe  Asia

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

KATHLEEN B. BARRY
(312) 558-8046
kbarry@winston.com

August 5, 2015

BY EMAIL

Nancy Nguyen
n.nguyen@sycr.com
Annie Knuth
aknuth@sycr.com
Stradling Yocca Carlson & Rauth P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660

> Re: Dell Document and Deposition Subpoenas to Acacia Research Group in
> *Nexus Display Technologies LLC v. Dell Inc.* (No. 2:14-cv-00762)

Dear Nancy and Annie:

We write to follow-up regarding the parties' meet and confer on July 9 and today concerning Acacia's objections and responses to Dell's subpoena for documents and for a deposition.

On July 9, we met and conferred concerning Acacia's objections to Dell's subpoena for documents. During that meet and confer, Acacia indicated that it would not be producing documents because Acacia believed that all the documents related to the Asserted Patents were available to Nexus and that Dell should seek those documents from Nexus. We explained to you that we did not know what specific documents we did not have and that Dell's subpoena was not limited to documents related to the Asserted Patents.

Today, we had a further meet and confer. Dell specifically asked for Global Licensing documents, which based on the Rule 30(b)(6) deposition testimony of Nexus through its representative Cristin Wagner an Acacia Research Group employee, Dell understands are licenses by Acacia to patents of Acacia subsidiaries such as Nexus and include the Asserted Patents. We also understand from Ms. Wagner's testimony that there are Global Licensing documents with at least Apple and possibly Microsoft, Oracle, and Cisco.

You raised several issues to production of these Global Licensing documents. First, you indicated that you would have to confer with Acacia about the production of the documents. Given that these



August 5, 2015<br/>Page 2

documents were covered by Dell's subpoena, we ask that you immediately confer with your client and produce these documents.  Second, you suggested that your client might not have possession, custody, or control of the documents because the documents might be in the possession, custody, or control of Acacia's parent company Acacia Research Corporation.  We asked you to determine whether your client Acacia Research Group or Acacia Research Corporation had possession, custody, or control of these licenses.  We also disagree that a document in the possession, custody, or control of Acacia Research Corporation, which Marvin Key testified is a mere holding company for Acacia Research Group, would not also be in the possession, custody, or control of Acacia Research Group.  Third, you also suggested that the documents could not be produced because notice would have to be given to the third-parties.  We requested that you provide notice today to any third-parties.  With regard to these issues preventing production of the Global Licensing documents, we reiterate our request that you provide us with an update of your position and the Global Licensing documents by this Friday, August 7.

In addition to the Global Licensing documents themselves, we also request any documents related to the Global Licensing documents.  For example, Ms. Wagner testified that Apple had been given notice of the Nexus patents.  We request immediate production of the notice given to Apple.  Additionally, we request immediate production of all documents related to the Asserted Patents and to the patents owned by Nexus.

We also repeatedly asked whether Acacia had done a search for any documents responsive to Dell's subpoena.  You specifically did not provide any response to whether Acacia had done any search for documents.  Instead, you stated that Nexus had possession of documents related to the Asserted Patents and that Nexus had searched for documents.  We disagreed that a search by Nexus discharged Acacia's obligations under the subpoena to search for and produce responsive documents.  Although we reiterated our request that Acacia conduct a search for documents responsive to Dell's subpoena, you did not indicate that Acacia would conduct any search for documents.

You position appeared to be that Acacia need not conduct any search for documents responsive to Dell's subpoena because it would place an undue burden on Acacia as a third-party.  You did not explain what that burden would entail, and we do not agree that there is any burden on Acacia.  Indeed, we do not see how there can be any burden as we are not asking Acacia to search for documents that Nexus has already produced.  The Global Licensing documents are a perfect example.  Nexus has not produced the Global Licensing documents, and indeed, Nexus has specifically indicated that Nexus does not have possession, custody, or control of the Global Licensing documents. . Therefore, Acacia searching for the Global Licensing documents could not be duplicative of Nexus' search efforts or even burdensome.

We also disagree with Acacia's position that it is a third-party.  As you know, Dell deposed Marvin Key, who is the CEO of Acacia Research Group and the CEO of Nexus.  Mr. Key testified that Nexus' only assets are its patents and a bank account.  Mr. Key testified that all of Nexus' activities are conducted through employees of Acacia Research Group including himself as CEO.  Based on these and other facts developed at Mr. Key's deposition, Dell does not believe that Nexus and Acacia are properly separate entities.  Indeed, Nexus's sole purpose is to assert improper venue in the Eastern District of Texas and to avoid Acacia complying with its discovery obligations.



We also asked you for a deposition date for the deposition of Acacia pursuant to Dell's Rule 30(b)(6) subpoena. You responded that although Acacia's objections indicate that it has agreed to provide a deponent on a number of topics, you were not prepared to provide a deposition date. Instead, your position is that Dell must identify the topics for which Nexus did not provide a sufficiently prepared deponent and that Acacia is only obligated to provide a deponent for those topics for which the Nexus deponent was not sufficiently prepared. As we stated, we disagree with your position that a deposition by Nexus obviates the need for a deposition by Acacia. We will follow-up again regarding Acacia's other objections to Dell's Rule 30(b)(6) deposition topics.

We expect to hear from you by this Friday, August 7 regarding the Global Licensing documents.

Very truly yours,

Kathleen B. Barry

# **<u>EXHIBIT 9</u>**



**Stradling**
Attorneys at Law

STRADLING YOCCA CARLSON & RAUTH, P.C.
660 NEWPORT CENTER DRIVE, SUITE 1600
NEWPORT BEACH, CA 92660-6422
SYCR.COM

*CALIFORNIA*
NEWPORT BEACH
SACRAMENTO
SAN DIEGO
SAN FRANCISCO
SANTA BARBARA
SANTA MONICA
*COLORADO*
DENVER
*NEVADA*
RENO

NANCY NGUYEN
949.725.4110
N.NGUYEN@SYCR.COM

August 12, 2015

**By Email**

Kathleen Barry
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
Email: kbarry@winston.com

> Re:  Third Party Subpoenas to Acacia Research Group, LLC in *Nexus Display Technologies LLC v. Dell Inc.*, Civ. Act. No. 2:14-cv-00762 (E.D. Tex.)

Dear Kathleen:

I write in response to your August 5, 2015 correspondence and to memorialize our meet and confer call with Eric Klein, Alex Chan, Alisa Lipski, Jamie Aycock, and my colleague, Annie Knuth, on August 5, 2015. This letter clarifies a number of inaccuracies and mischaracterizations that you represented during our call and your subsequent letter. This letter is not exhaustive, however, and the fact that I am not correcting every inaccuracy or misstatement should not be taken as agreement with your mischaracterizations.

As you know, we have made efforts to meet and confer with Dell on numerous occasions to come to an agreement regarding the scope of Dell's subpoena for production of documents and the categories of documents that Dell seeks from ARG. We last sent a letter to Dell on July 15, 2015, reiterating ARG's position with respect to ARG's obligations under the subpoena and the ongoing deficiencies in Dell's subpoena and its meet and confer efforts. To avoid redundancy, I direct you to our July 15 letter and ARG's positions explained therein.

Moreover, on July 20, ARG served its responses and objections to Dell's subpoena for deposition. As I pointed out in my cover letter accompanying ARG's responses, all topics in the subpoena to ARG were substantially identical to topics already contained in Dell's deposition notice to Nexus Display Technologies, LLC ("NDT") (*e.g.* Subpoena to ARG Topic 1 and Notice of Deposition to NDT Topic 1-2). ARG's testimony on the same information already provided by a party to the litigation would be unduly burdensome and duplicative. Nonetheless, ARG agreed to meet and confer with Dell, following NDT's deposition, to discuss the scope of topics for which ARG would produce a witness to the extent that Dell believed NDT's testimony was incomplete.

On August 5, we had a further meet and confer with counsel for Lenovo and NDT. Mr. Klein initiated the discussion to address ARG's objections and responses to Lenovo's subpoena for

Ms. Kathleen Barry
August 12, 2015
Page Two

deposition.[1] Mr. Klein asked whether ARG has supplied a privilege log in light of ARG's objections on the basis of privilege. Mr. Aycock clarified, and we confirmed, that all responsive documents withheld on the basis of privilege were identified in the privilege log produced by NDT. Any production of documents or a privilege log from ARG would merely be duplicative. Again, all documents related to the Asserted Patents or NDT have been transferred to NDT. NDT has conducted the necessary search, review, and production of all responsive documents that were in ARG's possession. Thus, any discovery disputes regarding the completeness or accuracy of the document production should be addressed with NDT—a party to the litigation—and not ARG, a third party.

Rather than address any of these issues, which were also raised in our July 15 letter, you continued to insist that ARG is obligated to duplicate NDT's document collection and review process. Additionally, you repeatedly interrupted others on the call and disrupted our conversation, demanding to know whether ARG conducted an independent search of the same documents that were already transferred to and produced by NDT. This posturing severely hampered any productive meet and confer efforts. In your letter, you claimed that NDT's search and production of ARG's documents does not discharge ARG's obligations under the subpoena to duplicate those efforts. We disagree with your understanding of the Rules and the obligations imposed upon third parties, as explained in greater detail in our July 15 letter.

Your August 5 letter further claims that Dell is entitled to more documents than it requested in its subpoena. These requests are improper and flout the discovery rules. For example, your new requests for (1) "documents related to the Global Licensing documents" and (2) "immediate production of all documents related to the Asserted Patents and to the patents owned by Nexus" are improper. These requests were not included in Dell's subpoena for documents to ARG and Dell cannot attempt to add document requests after the fact.

You further claimed that certain global agreements, and related communications, between Acacia Research Corporation ("ARC") and various third parties were exact indications that NDT's production was incomplete, because these documents are in ARG's exclusive possession and are "clearly responsive" to Dell's subpoena. First, we dispute your allegation that these documents are "clearly responsive" to Dell's subpoena. To the extent you believe any such global agreements would be responsive to Request No. 2 of Dell's subpoena—which is overbroad as drafted and which Dell has yet to meet and confer on—we can confirm that these global agreements would not have been captured by a search of ARG's documents. These agreements pre-date ARG's and NDT's acquisition of the Asserted Patents and do not grant licenses to the Asserted Patents. The agreements merely confer certain covenants to ARG's and its affiliates' patents as a whole, without specificity or regard to the Asserted Patents. Based on our reading of the document subpoena, the global agreements are not responsive to any Request.

As we noted during the call, the global license agreements you referenced contained stringent confidentiality and notice provisions. Any potential production of these agreements would implicate

---

[1] A separate letter addressing Lenovo's points raised during the August 5 call and responding to Lenovo's meet and confer letter dated August 7, 2015 is forthcoming.

Ms. Kathleen Barry
August 12, 2015
Page Three

the notice procedures. Given that the global license agreements are not, as you adamantly insisted during our call, "clearly responsive" to Dell's subpoena and given the confidential and sensitive nature of these documents, Dell's demand that ARG produce such documents on such short notice is wholly unwarranted.

You also claimed that you were entitled to the communications and negotiations related to the first agreement between Silicon Image and ARG, which also do not appear responsive to your document subpoena to ARG. You insisted that ARG had disregarded its obligations under the subpoena by not producing these communications. You had first identified these communications during our initial meet and confer on May 28, 2015, with respect to Request Nos. 4, 5, 6, and 11. During our August 5 call, you admitted that this first agreement was unrelated to the Asserted Patents. I will repeat what I have previously stated in my June 15, July 24, and July 15 correspondences: Request Nos. 4, 5, 6, and 11 seek documents related to the Asserted Patents; ARG is unaware of any requests in Dell's subpoena that capture documents beyond those related to the Asserted Patents. To date, Dell has failed to identify any such Requests. Your August 5 letter now contends that "Dell's subpoena was not limited to documents related to the Asserted Patents." Since our requests for clarity have gone unanswered, I invite you again to identify which requests in Dell's subpoena would support your characterization.

You also refused to confer regarding the scope of deposition topics. In fact, you specifically declared during our August 5 call that you were "going forward with the deposition notice" and that you "[do not] care about [ARG's] objections." You stated that Dell intends to depose ARG on all sixty-six (66) overly broad topics—most of which are duplicative of topics on which NDT has already testified. We take issue with your blanket disregard for ARG's timely responses to Dell's deposition subpoena and with your complete refusal to meet and confer, to say the least.

Further, Dell has already been provided with the person most knowledgeable on all the topics in the subpoena to ARG, Cristin Wagner. We asked you to identify any questions that were not adequately answered by Ms. Wagner. You did not identify any topics other than the global agreements, which as explained previously, are not responsive to Dell's subpoenas. Thus, you seem to concede that Ms. Wagner already answered all questions adequately. ARG does not have any employee with different or better knowledge, and adopts Ms. Wagner's testimony. *See Novartis Pharm. Corp. v. Abbott Labs.*, 203 F.R.D 159, 163 (D. Del. 2001) (denying motion to compel where corporation offered to be bound by prior testimony of employee, who was the most knowledgeable witness). Until Dell can specify which topics Ms. Wagner failed to adequately address, a deposition of ARG would be cumulative and duplicative. *See id.*

We disagree with your gratuitous allegations that ARG is not a true third party and that NDT's "sole purpose is to assert improper venue." ARG does not own the Asserted Patents, is not a party to the litigation, and did not assert any claims against Dell. It is these types of comments that preclude meaningful meet and confer discussions and suggest that Dell is not meeting and conferring in good faith.

Notwithstanding our objections and arguments raised in this letter, which ARG does not waive, we will agree to produce the following documents:

Ms. Kathleen Barry
August 12, 2015
Page Four

   (1) ARG will produce the global agreements in redacted form sufficient to show that these
     agreements are not relevant or responsive to Dell's subpoena. ARG's production of
     these agreements is subject to the confidentiality and notice provisions contained in each
     agreement. ARG will produce the agreements only after complying with its notice
     obligations and after the requisite notice period has expired.

   (2) ARG will produce the communications related to the ARC agreement with Apple, related
     to the Asserted Patents.

   (3) ARG will conduct a review and produce non-privileged documents related to the first
     license agreement with Silicon Image.

All documents produced by ARG will be produced with confidentiality designations pursuant to the
Protective Order entered by Judge Rodney Gilstrap on or about December 3, 2014.

   ARG's agreement to produce the requested documents is a good faith attempt to reach a
resolution with Dell with respect to ARG's obligations under the subpoenas. In light of ARG's
forthcoming production and the previous testimony of ARG's most knowledgeable witness, Cristin
Wagner, we believe a separate deposition of ARG is unnecessary. If, after reviewing ARG's
production, Dell still requires a deposition of ARG, we will provide available deposition dates after
Dell and ARG come to an agreement regarding the scope of the subpoena and topics.

   ARG remains willing to further meet and confer to discuss these issues and to limit the scope
of Dell's subpoena for deposition. Please do not hesitate to contact me if you have any questions.

            Very truly yours,

            Nancy Nguyen
            STRADLING YOCCA CARLSON & RAUTH, P.C.

Cc:  Marc J. Schneider, Esq.
   Annie H. Knuth, Esq.

# **<u>EXHIBIT 10</u>**



North America  Europe  Asia

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

**KATHLEEN B. BARRY**
(312) 558-8046
kbarry@winston.com

August 14, 2015

BY EMAIL

Nancy Nguyen
n.nguyen@sycr.com
Annie Knuth
aknuth@sycr.com
Stradling Yocca Carlson & Rauth P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660

      Re:   *Nexus Display Technologies LLC v. Dell Inc.* (No. 2:14-cv-00762)

Dear Nancy and Annie:

We write regarding Acacia Research Group LLC's deficient production of documents in response to Dell's subpoena for production of documents, Acacia's adoption of Nexus' improper privilege log, and Acacia's refusal to produce a 30(b)(6) witness.

We received your letter of August 12, 2015, and we disagree with your statements that our August 5, 2015 letter contained inaccuracies, misstatements, or mischaracterizations. We also disagree with your characterizations of the meet and confer. We agree that it is not productive to detail our disagreements with your statements.

We reiterate our previous requests that Acacia conduct a search for and produce documents responsive to Dell's subpoena consistent with its obligations under the Federal Rules of Civil Procedure. As we expressly told you during the meet and confer, we are not requiring that you search through the exact same documents that Nexus has searched through. We are requesting and you have an obligation to search through all the documents not available to Nexus. As you acknowledge only documents about the Asserted Patents are available to Nexus and have been searched by Nexus. You have cited no authority that Acacia's obligations to search for documents are discharged by Nexus' discovery obligations.

Moreover, Acacia's search obligations cannot be discharged by Nexus' discovery obligations given Nexus' claim that it does not have access to all of the relevant documents Dell seeks in discovery. Indeed, your August 12 letter recognizes at least two categories of documents that are not in Nexus' possession and that Nexus could not search for. These two categories include the Global Licenses with



Apple, Oracle, Microsoft, and others and documents related to Acacia's communications with Silicon Image. Your letter and statements from Nexus acknowledge that Nexus does not have access to the Global licenses. Similarly, we understand from your willingness to now search for documents regarding the original Acacia and Silicon Image license reflects the fact that these documents are not available to Nexus. As noted below, all of these documents are within the scope of Dell's subpoena, and Acacia should immediately produce them.

### 1. The Acacia Licenses

You improperly claim that Dell's request for Acacia's licenses to the asserted patents are improper and flout the discovery rules. Dell disagrees. Acacia's refusal to search for and produce responsive documents is improper and flouts the discovery rules, and the Acacia licenses demonstrate why Acacia's objections and failure to search for documents is improper. Until the deposition of Nexus, Dell was not aware of the Global Licensing Agreements, and thus Dell could not specifically request these licensing agreements.

Now that Dell is aware of the Global Licensing Agreements, Acacia claims that these agreements are not responsive to Dell's subpoena. Acacia is wrong because the Global Licensing documents fall squarely within Requests Nos. 2 and 3. Dell's subpoena to Acacia clearly defines the term "license" as "any authorization to make, have made, use, offer to sell, sell, or import any product or process, (a) the unlicensed manufacture, use or sale of which could infringe any United States or foreign patent, or (b) that is claimed in any United states or foreign patent application, or (c) that is the subject of a trade secret, including without limitation, any agreement (whether in the form of a grant, sublicense, bilateral contract, option, offer to make a unilateral contract, stipulation in a legal action or other proceeding, statement that patent rights will not be asserted with respect to particular subject matter, or agreement to sell or distribute any patented product) and any schedule, addendum, or amendment thereto, and any modification thereof." *See* Dell Subpoena to Acacia dated April 29, 2015.

Your attempt to assert that these documents are not covered by the broad definition of license because these documents are merely covenants not to sue is not well founded. In its Amended Complaint in the *Microsoft Corp. v. Acacia Research Corp.* matter, Acacia refers to its agreement with Microsoft as a "License and Covenant Addendum." *Microsoft Corp v. Acacia Research Corp.*, 13-cv-8275 (S.D.N.Y. December 4, 2014) at Dkt. 123, ¶ 12. Furthermore, Cristin Wagner, an employee of Acacia Research Group and Nexus's 30(b)(6) deponent, referred to these agreements as "licenses." *See* Wagner Rough Dep. Tr. at 26:3-7.

Although Dell appreciates that Acacia is now going to produce the Global Licensing documents, we do not agree that Acacia has the right to redact portions of these documents. Dell reserves all rights to review unredacted copies of these agreements.



August 14, 2015<br>Page 3

Please provide us with the date of anticipated production and the names of the other parties to any Acacia Global Licensing Agreement. Dell understands that the other parties should include at least Apple, Oracle, Cisco, and Microsoft.

Also, please inform us if there are any other licenses, including covenants not to sue for the Asserted Patents, that Acacia is not producing so that we can meet and confer with you about these other documents and, if necessary, bring it to the Court's attention.

### 2.   Communications Between Silicon Image and Acacia

In your letter, Acacia also disputes that documents reflecting communications between Silicon Image and Acacia or Acacia and other entities about the Asserted Patents or Related Patents are responsive to Dell's subpoena. These documents are clearly responsive to at least Dell's Subpoena Requests Nos. 3 and 6. Both Request Nos. 3 and 6 include both the Asserted Patents and Related Patents. Related Patents is broadly defined in the Subpoena and includes patents covering similar technology. For example, Related Patents also means any Acacia Patents that are in the same Class and Sub-Class (as defined by the U.S. Patent Office) as any of the Asserted Patents or any of the itemized patents in paragraph 18. For example, U.S. Patent No. 6,229,859, listed on the initial Silicon Image-Acacia Agreement, is a member of class 370, as is U.S. Patent No. 5,835,498, an Asserted Patent in this case. Your insistance that we have not identified Subpoena Requests covering more than the Asserted Patents is belied by your reference to Subpoena Request No. 3, which again expressly covers both the Asserted Patents and Related Patents.

From your letter, we understand that Acacia is now going to search for these communications on the Related Patents. Please provide us a date when you intend to produce these documents. Also, if you are intending to claim any privilege over these documents, we request that you let us know immediately. As you know, Judge Crotty in the Southern District of New York (order enclosed) has already held that documents and information exchanged between Acacia and a patent seller (i.e., Silicon Image) are not privileged. *See* Dkt. No. 113, *Microsoft Corp. v. Acacia Research Corp.*, No. 13-8275 (S.D.N.Y. Nov. 17, 2014). Accordingly, there is no basis to withhold these documents.

### 3.   Royalty Documents

Acacia has also not produced documents responsive to Request Nos. 18 and 19, which are not limited to any specific patents. Indeed, Request Nos. 18 and 19 seek documents generally related to royalties for standard essential patents, patent pooling, and royalty stacking. These requests are relevant, and moreover, it is clear that Acacia has knowledge about patent pools as evidenced by Ms. Wagner's testimony about the MPEG LA Pool, which is not directly related to the Asserted Patents. *See* Wagner Rough Dep Tr. at 132:8-133:7. Dell reiterates its request that Acacia search for and produce documents responsive to Request Nos. 18 and 19.

### 4.   Documents On Nexus' Privilege Log



From your letter, we understand that Acacia has adopted the privilege log prepared and produced to us by Nexus. The Nexus privilege log is improper, and given Acacia's adoption of this privilege log and request that we address issues on the privilege log with Nexus, we understand that Acacia will be bound by any rulings adverse to Nexus with regard to documents on the privilege log.

## 5. Deposition Of Acacia

We disagree with your positions on a deposition of Acacia. As we noted in our August 5 letter, we will send a separate letter regarding Acacia's improper objections and refusal to provide a witness.

We look forward to hearing from you as to when we will receive the promised licensing documents and when Acacia will complete its review and production of communications with Silicon Image.

Very truly yours,

Kathleen B. Barry

# EXHIBIT 11

## Knuth, Annie H.

| From: | Nguyen, Nancy N. |
|---|---|
| Sent: | Thursday, September 03, 2015 4:32 PM |
| To: | 'Barry, Kathleen B.' |
| Cc: | Schneider, Marc J.; Knuth, Annie H.; Anderson, Kimball R.; Kalemeris, Sarah J.; Pesce, Anthony DeMarco; Ranahan, Erin R. |
| Subject: | RE: Nexus Display Technologies v. Dell - Subpoenas to ARG |

Kathleen,

We plan to produce the documents indicated in our August 12 letter.

Regards,
Nancy


Nancy N. Nguyen


Attorneys at Law

Stradling Yocca Carlson & Rauth, P.C.
660 Newport Center Drive, Suite 1600 | Newport Beach, CA 92660
(o) 949.725.4110 | (f) 949.823.5110
n.nguyen@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

**From:** Barry, Kathleen B. [mailto:KBarry@winston.com]
**Sent:** Thursday, September 03, 2015 3:32 PM
**To:** Nguyen, Nancy N.
**Cc:** Schneider, Marc J.; Knuth, Annie H.; Anderson, Kimball R.; Kalemeris, Sarah J.; Pesce, Anthony DeMarco; Ranahan, Erin R.
**Subject:** RE: Nexus Display Technologies v. Dell - Subpoenas to ARG

Nancy,

Can you please confirm that you will be producing at least all the documents indicated in your August 12 letter?

Regards,
Kathleen


**Kathleen Barry**
Winston & Strawn LLP
D: +1 (312) 558-8046
winston.com

1



**From:** Nguyen, Nancy N. [mailto:n.nguyen@sycr.com]
**Sent:** Thursday, September 03, 2015 4:38 PM
**To:** Barry, Kathleen B.
**Cc:** Schneider, Marc J.; Knuth, Annie H.; Anderson, Kimball R.; Kalemeris, Sarah J.; Pesce, Anthony DeMarco; Ranahan, Erin R.
**Subject:** RE: Nexus Display Technologies v. Dell - Subpoenas to ARG

Kathleen,

We intend to make a production on Tuesday, September 8. Please let me know if you have additional questions.

Best,
Nancy


**Nancy N. Nguyen**



Stradling Yocca Carlson & Rauth, P.C.
660 Newport Center Drive, Suite 1600 | Newport Beach, CA 92660
(o) 949.725.4110 | (f) 949.823.5110
n.nguyen@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

**From:** Barry, Kathleen B. [mailto:KBarry@winston.com]
**Sent:** Thursday, September 03, 2015 11:34 AM
**To:** Nguyen, Nancy N.
**Cc:** Schneider, Marc J.; Knuth, Annie H.; Anderson, Kimball R.; Kalemeris, Sarah J.; Pesce, Anthony DeMarco; Ranahan, Erin R.
**Subject:** RE: Nexus Display Technologies v. Dell - Subpoenas to ARG

Nancy,

We need these documents that you promised on August 12 by Monday, September 7, 2015 or else we will have to go to the Court.

Regards,
Kathleen


**Kathleen Barry**
Winston & Strawn LLP
D: +1 (312) 558-8046
winston.com



**From:** Barry, Kathleen B.
**Sent:** Thursday, September 03, 2015 11:57 AM
**To:** 'Nguyen, Nancy N.'
**Cc:** 'Schneider, Marc J.'; 'Knuth, Annie H.'; Anderson, Kimball R.; Kalemeris, Sarah J.; Pesce, Anthony DeMarco; Ranahan, Erin R.
**Subject:** RE: Nexus Display Technologies v. Dell - Subpoenas to ARG

Nancy,

We have not received a response from you. Please let us know when we can hear from you on this issue.

Regards,
Kathleen

**Kathleen Barry**
Winston & Strawn LLP
D: +1 (312) 558-8046
winston.com



**From:** Barry, Kathleen B.
**Sent:** Tuesday, September 01, 2015 6:31 AM
**To:** 'Nguyen, Nancy N.'
**Cc:** 'Schneider, Marc J.'; 'Knuth, Annie H.'; Anderson, Kimball R.; Kalemeris, Sarah J.; Pesce, Anthony DeMarco
**Subject:** RE: Nexus Display Technologies v. Dell - Subpoenas to ARG

Nancy,

When is Acacia producing the documents identified in the August 12 letter? We need to have a specific date for your production. Please let us know today.

Regards,
Kathleen

**Kathleen Barry**
Winston & Strawn LLP
D: +1 (312) 558-8046
winston.com



**From:** Barry, Kathleen B.
**Sent:** Friday, August 14, 2015 4:27 PM
**To:** 'Nguyen, Nancy N.'
**Cc:** Schneider, Marc J.; Knuth, Annie H.; Anderson, Kimball R.; Kalemeris, Sarah J.; Pesce, Anthony DeMarco
**Subject:** RE: Nexus Display Technologies v. Dell - Subpoenas to ARG

Nancy,

      Please see the attached correspondence.

Regards,
Kathleen

**Kathleen Barry**
Winston & Strawn LLP
D: +1 (312) 558-8046
winston.com



**From:** Nguyen, Nancy N. [mailto:n.nguyen@sycr.com]
**Sent:** Wednesday, August 12, 2015 8:06 PM
**To:** Barry, Kathleen B.
**Cc:** Schneider, Marc J.; Knuth, Annie H.
**Subject:** Nexus Display Technologies v. Dell - Subpoenas to ARG

Kathleen,

Please see the attached correspondence on behalf of ARG.

Best,
Nancy


**Nancy N. Nguyen**



Stradling Yocca Carlson & Rauth, P.C.
660 Newport Center Drive, Suite 1600 | Newport Beach, CA 92660
(o) 949.725.4110 | (f) 949.823.5110
n.nguyen@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE

4

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

# EXHIBIT 12

## Knuth, Annie H.

| From: | Nguyen, Nancy N. |
|---|---|
| Sent: | Tuesday, September 08, 2015 5:31 PM |
| To: | Barry, Kathleen B. (KBarry@winston.com); Klein, Eric (eklein@akingump.com); Chan, Alex (ahchan@akingump.com) |
| Cc: | Schneider, Marc J.; Knuth, Annie H. |
| Subject: | ARG's Production of Documents and Privilege Log (Nexus Display Technologies v. Dell, et al.) |
| Attachments: | LITIOC_2123932v1 - ARG Privilege Log (Nexus Display Technologies v. Dell).PDF |
| Follow Up Flag: | Follow up |
| Flag Status: | Flagged |

Counsel:

This email attaches a privilege log on behalf of ARG, in response to Dell's third party subpoena served on April 30, 2015, and in accordance with ARG's agreement to produce documents as stated in our August 12 letter to Dell and September 5 letter to Lenovo. You will receive a link to a production of documents on behalf of ARG in a separate email to follow. The documents have been labeled "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY." We request confidential treatment of these documents pursuant to the Protective Order that the Court entered in this action on or about December 3, 2014.

This production does not include ARC's agreement with Apple and related communication. ARG's production of the third-party agreements was contingent on receiving consent from the relevant parties, and Apple has not consented to ARG's disclosure of the agreement or related communication.

Please let me know if you have any questions regarding the attached.

Regards,
Nancy

**Nancy N. Nguyen**



Stradling Yocca Carlson & Rauth, P.C.
660 Newport Center Drive, Suite 1600 | Newport Beach, CA 92660
(o) 949.725.4110 | (f) 949.823.5110
n.nguyen@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

# EXHIBIT 13

## Knuth, Annie H.

| | |
|---|---|
| **From:** | jessica_hannah@apple.com on behalf of Jessica Hannah <jessica_hannah@apple.com> |
| **Sent:** | Wednesday, September 09, 2015 8:38 AM |
| **To:** | Knuth, Annie H. |
| **Cc:** | Nguyen, Nancy N. |
| **Subject:** | Re: Nexus Display - Disclosure Notice |

Hi Annie,

Thanks for your email.  As I mentioned yesterday, I am unable to give consent to production of these documents at this time.  I don't see how they are relevant to the case or responsive to request 2 since none are actually a license to the asserted patents.  I'm happy to discuss further if you believe they are relevant and responsive to the subpoena.

Best,

Jessica

Jessica Hannah
☐ 408.974.4988

> On Sep 8, 2015, at 2:11 PM, Knuth, Annie H. <AKnuth@SYCR.com> wrote:
>
> Jessica,
>
> Thanks for speaking with me earlier today regarding the ARC-Apple Standstill Agreement and the May 1, 2014 letter. I've re-read the Standstill Agreement and have confirmed that your understanding of the agreement is correct. I've also confirmed that, to the extent these documents are responsive, they would be responsive to RFP No. 2 to Dell's subpoena to ARG. As I mentioned during our call, these documents were identified during a separate 30(b)(6) deposition, which sparked defendants' demand for them from ARG.
>
> Please let us know whether Apple will consent to ARG's production of the two documents as redacted per Nancy's email on September 7.
>
> If you have any additional questions or wish to discuss, please don't hesitate to contact me.
>
> Thanks,
> Annie
>
> **Annie H. Knuth**
> <image001.png>
>
> Stradling Yocca Carlson & Rauth, P.C.
> 100 Wilshire Boulevard, Fourth Floor | Santa Monica, CA 90401
> (o) 424.214.7032 | (f) 424.744.4171 | (c) 909.456.5719
> aknuth@sycr.com | sycr.com
> Website Profile | vCard

1

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

**From:** jessica_hannah@apple.com [mailto:jessica_hannah@apple.com]
**Sent:** Tuesday, September 08, 2015 9:58 AM
**To:** Knuth, Annie H.
**Cc:** Nguyen, Nancy N.
**Subject:** Re: Nexus Display - Disclosure Notice

Ok. If we don't have a chance to chat before 5pm, then please call me on my cell at that time. 217-377-5239. Thanks!

Jessica Hannah
☐ 408.974.4988

> On Sep 8, 2015, at 9:49 AM, Knuth, Annie H. <AKnuth@SYCR.com> wrote:
>
> Yes, that sounds fine. Feel free to try my extension or Nancy's any time before then. Otherwise, either Nancy or I (or both of us) can call you at 5pm today. Thanks.
>
> **Annie H. Knuth**
> <image001.png>
>
> Stradling Yocca Carlson & Rauth, P.C.
> 100 Wilshire Boulevard, Fourth Floor | Santa Monica, CA 90401
> (o) 424.214.7032 | (f) 424.744.4171 | (c) 909.456.5719
> aknuth@sycr.com | sycr.com
> Website Profile | vCard
>
> CONFIDENTIALITY NOTICE
> This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.
>
> **From:** jessica_hannah@apple.com [mailto:jessica_hannah@apple.com]
> **Sent:** Tuesday, September 08, 2015 9:47 AM
> **To:** Knuth, Annie H.
> **Cc:** Nguyen, Nancy N.
> **Subject:** Re: Nexus Display - Disclosure Notice
>
> Unfortunately, I have calls scheduled all day until 5pm. If one ends early, I can shoot you an email or just give you a call. Can we plan on 5pm, unless I am able to jump off a call early?
>
> Jessica Hannah
> ☐ 408.974.4988
>
> > On Sep 8, 2015, at 9:38 AM, Knuth, Annie H. <AKnuth@SYCR.com> wrote:
> >
> > Hi Jessica – Apologies for the delayed response; I have been on a call since receiving your email. Please let us know if you have any

2

availability to discuss this prior to 5pm Pacific today. I'm generally available.

Thanks,
Annie

**Annie H. Knuth**
<image001.png>

Stradling Yocca Carlson & Rauth, P.C.
100 Wilshire Boulevard, Fourth Floor | Santa Monica, CA 90401
(o) 424.214.7032 | (f) 424.744.4171 | (c) 909.456.5719
aknuth@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

**From:** jessica_hannah@apple.com [mailto:jessica_hannah@apple.com]
**Sent:** Tuesday, September 08, 2015 8:32 AM
**To:** Nguyen, Nancy N.
**Cc:** Knuth, Annie H.
**Subject:** Re: Nexus Display - Disclosure Notice

Hi Nancy,

Can you talk about these documents either now or at 5pm PT today? I can't give consent to produce until we have had a chance to chat. Thanks!

Best,

Jessica

Jessica Hannah
☐ 408.974.4988

> On Sep 7, 2015, at 5:23 PM, Jessica Hannah <jessica_hannah@apple.com> wrote:
>
> I won't be able to review these until late tomorrow.
>
> Jessica Hannah
> ☐ 408.974.4988
>
>> On Sep 7, 2015, at 3:07 PM,
>> Nguyen, Nancy N.
>> <n.nguyen@sycr.com> wrote:
>>
>> Jessica,

3

Attached are the sample redacted
forms of the ARC-Apple agreement and
May 2014 letter.  We plan to produce
these tomorrow to meet our
production deadline.  Please let us
know if you agree with the redactions.

Thanks!
Nancy

**Nancy N. Nguyen**
<image001.png>

Stradling Yocca Carlson & Rauth, P.C.
660 Newport Center Drive, Suite 1600 | Newport
Beach, CA 92660
(o) 949.725.4110 | (f) 949.823.5110
n.nguyen@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only for the use of the
individual or entity to which it is addressed, and may
contain information that is privileged, confidential and
exempt from disclosure under applicable law.  If the
reader of this message is not the intended recipient,
you are hereby notified that any dissemination,
distribution or copying of this communication is strictly
prohibited.  If you have received this communication
in error, please notify us immediately. Thank you.

**From:** Jessica Hannah
[mailto:jessica_hannah@apple.com]
**Sent:** Thursday, August 27, 2015 1:48
PM
**To:** Nguyen, Nancy N.
**Cc:** Knuth, Annie H.
**Subject:** Re: Nexus Display - Disclosure
Notice

Thanks! I look forward to hearing
back.

Jessica Hannah
☐ 408.974.4988

On Aug 27, 2015, at
1:42 PM, Nguyen,
Nancy N.
<n.nguyen@sycr.com
> wrote:

Jessica,

Thanks for speaking
with me on the

4

phone.  Here is the
original agreement,
NDA, and the May 2014
letter from Acacia to
Apple that references
the patents-in-
suit.  When we have a
redacted version of
these documents that
we plan to produce,
we'll send them over
for your review.  Let us
know if you have any
other questions in the
meantime.

Thanks,
Nancy
**Nancy N. Nguyen**
<image001.png>

Stradling Yocca Carlson &
Rauth, P.C.
660 Newport Center Drive,
Suite 1600 | Newport
Beach, CA 92660
(o) 949.725.4110 |
(f) 949.823.5110
n.nguyen@sycr.com | sycr.co
m
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only
for the use of the individual or
entity to which it is addressed,
and may contain information
that is privileged, confidential
and exempt from disclosure
under applicable law.  If the
reader of this message is not
the intended recipient, you are
hereby notified that any
dissemination, distribution or
copying of this communication is
strictly prohibited.  If you have
received this communication in
error, please notify us
immediately. Thank you.

**From:** Jessica Hannah
[mailto:jessica_hannah
@apple.com]
**Sent:** Thursday, August
27, 2015 10:41 AM
**To:** Nguyen, Nancy N.
**Cc:** Knuth, Annie H.
**Subject:** Re: Nexus
Display - Disclosure
Notice

Hi Nancy,

5

Can we set up a time to discuss this subpoena? I'm free until 11:30am, from 1:30-2:30pm, and from 3:30-4pm today. Do any of those times work? Thanks!

Best,

Jessica

Jessica Hannah
☐ 408.974.4988

> On Aug 27, 2015, at 10:23 AM, Nguyen, Nancy N. <n.nguyen@sycr.com> wrote:
>
> Jessica,
>
> I've attached a copy of the subpoena served on Acacia Research Group

by Dell. Pl ease let me know if you have any additio nal questio ns.

Thanks,

Nancy

**Nancy N. Ngu yen** <imag e001.p ng>

Stradling Yocca Carlson & Rauth, P.C. 660 Newport Center Drive, Suite 1600 | Ne wport Beach, C A 92660 (o) 949.7 25.4110 | (f) 949.8 23.5110 n.nguyen @sycr.co m | sycr.c om Website Profile | v Card

CONFIDE NTIALITY NOTICE This message is intended only for the use of the individual or entity to which it is addressed , and may

7

contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

**From:** Jessica Hannah [mailto:jessica_hannah@apple.com]
**Sent:** Thursday, August 27, 2015 9:51 AM
**To:** Nguyen, Nancy N.
**Subject:** Nexus Display - Disclosu

re
Notice

Hi
Nancy,

I write
in
respon
se to
your
attache
d
August
26,
2015
letter
regardi
ng
disclos
ure of
docum
ents
contain
ing
Apple
confide
ntial
inform
ation
in
litigati
on. I
am cur
rently
reviewi
ng
your
request
but, for
the
time
being,
Apple
objects
to
disclos
ure of
the
docum

ents. Accordingly, please do not produce documents containing any Apple confidential information until Apple's objections have been withdrawn.

In the meantime, can you send me a copy of the subpoena?

If you have any questions, please let me know.

Best,

Jessica

Jessica
Hannah
Patent
Litigatio
n
Counsel
Apple
Inc.
1 Infinite
Loop,
MS 169-
2NYJ,
Cupertin
o,
Californi
a 95014
408.974.
4988
jessica_
hannah
@apple.
com

<Subp
oena to
ARG-
Nexus
Displa
y v.
Dell
043020
15.pdf
>

<Apple Inc - ACRl -
Confidentiality &
NDA 9-4-12.pdf><3-
29-13 Apple Inc. -
Portfolio Covenant
Not to
Sue.pdf><Apple -
ARC Section 4.3 Side
Ltr & Standstill
Patent List 5-1-
14.pdf>

<CTRL00000007_image.pdf><CTR
L00000010_image.pdf>

# EXHIBIT 14

## Knuth, Annie H.

| | |
|---|---|
| **From:** | Barry, Kathleen B. <KBarry@winston.com> |
| **Sent:** | Wednesday, September 09, 2015 12:46 PM |
| **To:** | Nguyen, Nancy N. |
| **Cc:** | Schneider, Marc J.; Knuth, Annie H.; Anderson, Kimball R.; Ranahan, Erin R.; Klein, Eric (eklein@akingump.com); Chan, Alex (ahchan@akingump.com); Pesce, Anthony DeMarco; Kalemeris, Sarah J. |
| **Subject:** | RE: ARG's Production of Documents and Privilege Log (Nexus Display Technologies v. Dell, et al.) |
| **Attachments:** | 11 17 14 Order Granting Microsoft's Motion to Compel.pdf |

Nancy,

Please let us know your availability for a meet and confer regarding Acaicia's deficient production and improper claims of privilege. We need to address at least the following items:

1. Acacia does not have the right to redact responsive documents. Acacia's redactions include the patents covered by the various licenses, the amount of consideration for the various licenses, and other details necessary to evaluate the licenses.

2. Acacia cannot withhold documents related to the license with Apple. Acacia has no basis for such withholding.

3. Acacia cannot claim a common interest privilege with regards to communications with Silicon Image. As reflected in the attached opinion, the Southern District of New York has already held that Acacia and Silicon Image do not have a common interest privilege.

4. Acacia's privilege log is deficient. Acacia's privilege log fails to identify attorneys. Further, even if Acacia and Silicon Image had a common interest, which they do not as reflected in the Southern District of New York opinion, Acacia cannot claim a common interest with Silicon Image before April 11, 2014--the time the parties were on opposite sides negotiating a license agreement.

Again please promptly provide us with a time to meet and confer.

Regards,
Kathleen


**Kathleen Barry**
Winston & Strawn LLP
D: +1 (312) 558-8046
winston.com



**From:** Nguyen, Nancy N. [mailto:n.nguyen@sycr.com]
**Sent:** Tuesday, September 08, 2015 7:32 PM
**To:** Barry, Kathleen B.; Klein, Eric (eklein@akingump.com); Chan, Alex (ahchan@akingump.com)

**Cc:** Schneider, Marc J.; Knuth, Annie H.
**Subject:** ARG's Production of Documents and Privilege Log (Nexus Display Technologies v. Dell, et al.)

Counsel:

This email attaches a privilege log on behalf of ARG, in response to Dell's third party subpoena served on April 30, 2015, and in accordance with ARG's agreement to produce documents as stated in our August 12 letter to Dell and September 5 letter to Lenovo. You will receive a link to a production of documents on behalf of ARG in a separate email to follow. The documents have been labeled "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY." We request confidential treatment of these documents pursuant to the Protective Order that the Court entered in this action on or about December 3, 2014.

This production does not include ARC's agreement with Apple and related communication. ARG's production of the third-party agreements was contingent on receiving consent from the relevant parties, and Apple has not consented to ARG's disclosure of the agreement or related communication.

Please let me know if you have any questions regarding the attached.

Regards,
Nancy


**Nancy N. Nguyen**


Attorneys at Law

Stradling Yocca Carlson & Rauth, P.C.
660 Newport Center Drive, Suite 1600 | Newport Beach, CA 92660
(o) 949.725.4110 | (f) 949.823.5110
n.nguyen@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

# **EXHIBIT 15**



**STRADLING YOCCA CARLSON & RAUTH, P.C.**
660 NEWPORT CENTER DRIVE, SUITE 1600
NEWPORT BEACH, CA 92660-6422
SYCR.COM

*CALIFORNIA*
NEWPORT BEACH
SACRAMENTO
SAN DIEGO
SAN FRANCISCO
SANTA BARBARA
SANTA MONICA
*COLORADO*
DENVER
*NEVADA*
RENO

NANCY N. NGUYEN
949.725.4110
N.NGUYEN@SYCR.COM

September 22, 2015

**Via Email**

Kathleen Barry
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
Email: kbarry@winston.com

Eric J. Klein
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Email: eklein@akingump.com

> Re:   Third Party Subpoenas to Acacia Research Group, LLC in *Nexus Display Technologies LLC v. Dell, Inc. et al.*, Civ. Act. No. 2:14-cv-00762 (E.D. Tex.)

Dear Kathleen and Eric:

This letter memorializes our meet and confer call with Erin Ranahan and my colleague, Annie Knuth, on September 17, 2015, and addresses the four (4) issues that Kathleen raised in her September 9, 2015 email and that we discussed during the call.

### (1) The Cisco, Oracle, and Microsoft Global Agreements.

During the call, Dell demanded that ARG produce the Cisco, Oracle, and Microsoft global agreements, previously produced on September 8, 2015, in fully unredacted form, and demanded production by the next day, September 18. Dell claimed that ARG's original production should have contained completely unredacted versions of the global agreements. We reminded Dell that we had made it clear in our August 12 letter that our good faith agreement to produce these global agreements was: (1) contingent on receiving consent for disclosure from the relevant third parties, in accordance with the confidentiality and notice provisions contained in each agreement; and (2) that ARG would produce the global agreements in redacted form sufficient to show that these agreements are not relevant or responsive to Dell's subpoena. Indeed, the global agreements in ARG's September 8 production disclosed the relevant terms to ARG's "later-obtained patents," the only category by which the Asserted Patents could possibly be covered.

Dell also claimed that ARG had no right to redact the addendums to each global agreement that contain lists of patents owned by the Acacia Entities. Dell's basis for that contention was that

Kathleen Barry
Eric Klein
September 22, 2015
Page Two

"with the redacted lists, [Dell] cannot determine whether the Asserted Patents are covered by the agreements." Yet as Dell can confirm by looking at each of the global agreements, and as we have made clear, the execution of each of the global agreements pre-date ARG's acquisition of the Asserted Patents in May 2014. Accordingly, the then-existing lists of Acacia Patents could not possibly have included the Asserted Patents and thus cannot be relevant to the underlying litigation.

Eric, on behalf of Lenovo, echoed Dell's sentiments. Eric further claimed that this issue "had been settled" during ARG's meet and confer call with Lenovo on September 4, 2015. We made clear during our September 4 call and in our September 5 letter, and Lenovo confirmed in its September 4 letter, that ARG's production of these documents to Lenovo was only as a professional courtesy, since Lenovo never issued a properly served subpoena for documents to ARG.

A supplemental production from ARG containing less redacted forms of the global agreements, if any, will require ARG to provide additional notice to and obtain consent for disclosure from the third parties. Thus, consistent with ARG's prior representations, a supplemental production, if any, will only be forthcoming after ARG has complied with its notice obligations and after the requisite notice period has expired.

### (2) The Apple Standstill Agreement and Related Communication.

In my September 8 email accompanying ARG's production, we informed Dell and Lenovo that ARG's production did not include the Apple standstill agreement or the related communication, because Apple did not consent to disclosure. Dell nevertheless demanded that ARG produce the documents. Again, as stated in our August 12 letter, our production of the third party agreements was contingent on the third parties' non-objection to ARG's disclosure, pursuant to the confidentiality and notice obligations under the agreements. We informed Dell that we had given formal notice of disclosure to Apple and provided Dell's subpoena for reference. Like ARG, Apple similarly determined that the standstill agreement and related communication were not relevant or responsive to Dell's subpoena. Apple objected to ARG's disclosure of the standstill agreement and related communication and did not consent to ARG's production of these documents.

In addition to the issues Dell raised, Lenovo also demanded to know whether we provided Apple's counsel with Lenovo's August 26 subpoena duces tecum. We told Lenovo that we did not— the only proper subpoena for documents served on ARG is Dell's subpoena. ARG's September 8 production was only in response to Dell's subpoena for documents. ARG has maintained its objections to Lenovo's defective August 26 subpoena, as the subpoena provided inadequate notice. Lenovo further stated that it stood by its deposition subpoena served on July 10, 2015—to date, the only subpoena properly served on ARG by Lenovo. However, Lenovo's July 10 subpoena called for deposition testimony only, and did not contain any requests for production of documents.

ARG is unable to produce the Apple agreement and related communication, pursuant to its confidentiality obligations under the standstill agreement with Apple.

Kathleen Barry
Eric Klein
September 22, 2015
Page Three

### (3) ARG's Communications With Silicon Image Related To The First License Agreement.

Dell asked whether ARG will produce all its communications with Silicon Image related to the first license agreement executed on May 5, 2013 (the "First Agreement"). Dell claimed that ARG and Silicon Image did not share a common interest privilege, citing the order entered on November 17, 2014 in the *Microsoft Corporation v. Acacia Research Corporation*, Civ. A. No. 13-cv-8274 (PAC) (S.D.N.Y.) litigation. As a preliminary matter, we objected to the order and its application here to the underlying litigation in the Eastern District of Texas. The order itself is contrary to, and is not, binding legal authority. After ARC sought a writ regarding this decision, the Second Circuit ordered full briefing and oral argument. The case then settled for business reasons while the writ was pending. The Second Circuit denied the writ for lack of standing due to the parties' settlement, expressly stating that the decision was moot in that case and was not binding in any other case.

Nevertheless, as we stated during the September 17 call, we will re-review the documents contained on our privilege log produced on September 8, and determine whether a supplemental production is appropriate.

Lenovo claimed, for the first time, that it was entitled to production of all of ARG's communications with Silicon Image, related to both the First Agreement, and the second license agreement executed on April 11, 2014—that contained the NDT portfolio and the Asserted Patents (the "Second Agreement"). We sought clarification regarding Lenovo's new request for communications related to the Second Agreement, which had never been the subject of ARG's meet and confer discussions with Dell or Lenovo after ARG and NDT confirmed that all documents related to the Asserted Patents had been transferred to, or already were, in the possession, custody, and control of NDT, and that NDT has complied or is complying with discovery obligations in the underlying action. *See* Aug. 12, 2015 Letter from N. Nguyen to K. Barry; Sept. 4, 2015 Letter from A. Chan to A. Knuth; Sept. 5, 2015 Letter from N. Nguyen to E. Klein. Thus, all documents and communications related to the Second Agreement should have been sought from NDT. ARG and Dell never reached an agreement by which ARG would produce documents and communications related to the Second Agreement.

We have made clear in our August 12 letter to Dell and, September 5 letter to Lenovo that ARG's production would only consist of its communications with Silicon Image related to the negotiation and execution of the First Agreement. At no time did Lenovo object to our accurate summary of the categories of documents that ARG agreed to produce. Indeed, Lenovo acknowledged in its September 1 letter that our agreement to produce the Silicon Image communications was limited to the First Agreement. In any event, any documents and communications related to the Second Agreement are in the possession, custody, and control of NDT. To the extent Lenovo believes NDT's production was insufficient, Lenovo cannot attempt to bypass the fact discovery deadline of September 7, 2015, by now demanding ARG's production of all communications related to the Second Agreement. *See* Order, Sept. 14, 2015 (Dkt. No. 211). Moreover, ARG has no obligation to produce documents at all to Lenovo, as there is no proper subpoena for documents outstanding from Lenovo. ARG's supplemental production, if any, will be

Kathleen Barry
Eric Klein
September 22, 2015
Page Four

limited to ARG's non-privileged communications with Silicon Image related to the First Agreement, and will only be produced to Lenovo as an extension of professional courtesy.

### (4) ARG's Privilege Log Produced On September 8, 2015.

In Dell's September 9 email, Dell disputed the sufficiency of ARG's privilege log because the log did not identify attorneys. Dell also claimed that ARG cannot claim a common interest with Silicon Image before April 11, 2014. While we disagreed with your assertions, we agreed to re-review the September 8 privilege log and provide a supplemental privilege log that identifies attorneys where appropriate. Second, the April 11, 2014 date is in reference to the Second Agreement. ARG's common interest with Silicon Image related to the First Agreement is not controlled by this date.

As previously stated, we will re-review the documents contained on our privilege log produced on September 8, and determine whether a supplemental production of documents is appropriate. We will also re-review the privilege log and produce a supplemental privilege log identifying attorneys where appropriate.

### (5) Dell's Improper Threats To Move To Compel Documents From ARG.

Throughout the call, Kathleen kept declaring that the parties were at an impasse and refused to meaningfully discuss the issues without an unequivocal "yes" from ARG in response to all of Dell's overbroad demands. Despite our efforts to get a better understanding of Dell's disputes with ARG's production so that we may consult with our client on the issues raised during the call, Dell repeatedly threatened to file a motion to compel against ARG without giving us such an opportunity to consult with our client. Kathleen also accused us of purposefully delaying the meet and confer call until September 17, 2015. However, Kathleen's request for a meet and confer call was sent on September 9, and our meet and confer call took place on September 17—only eight (8) days after Kathleen's initial request for a meet and confer call. The record clearly reflects that ARG has shown a repeated willingness to meet and confer with both Dell and Lenovo regarding their respective subpoenas. Kathleen's accusations are therefore inappropriate, misplaced, and baseless.

ARG remains willing to further meet and confer to discuss these issues. In light of ARG's continued good faith efforts to meet its obligations under Dell's subpoena for documents, any filing of a motion to compel by Dell or Lenovo is unwarranted. Please do not hesitate to contact me if you have any questions.

Very truly yours,

Nancy N. Nguyen
STRADLING YOCCA CARLSON & RAUTH, P.C.

Cc:     Marc J. Schneider, Esq.
        Annie H. Knuth, Esq.

**EXHIBIT 16**

## Knuth, Annie H.

| | |
|---|---|
| **From:** | Ranahan, Erin R. <ERanahan@winston.com> |
| **Sent:** | Thursday, September 24, 2015 7:41 PM |
| **To:** | Knuth, Annie H. |
| **Cc:** | Schneider, Marc J.; Ram, Stephen L.; Nguyen, Nancy N.; Barry, Kathleen B.; Wittenzellner, John (jwittenzellner@akingump.com); Klein, Eric (eklein@akingump.com) |
| **Subject:** | RE: NexusJoint Stipulation re Motion to Compel By Dell and Lonovo Against Acacia |

Dear Annie,

We disagree with your position that Local Rule 37 does not allow the parties to group multiple requests together under a single issue. There is nothing in Local Rule 37 that says you cannot group requests where they logically relate to the same issue, which makes it more efficient for the Judge to decide and for the parties to brief. While of course you are free to raise your formatting complaints in your portion of the joint stipulation, this certainly does not justify our re-serving the joint stipulation. And contrary to your claims about what the "standard practice" is in the Central District, I have done and seen it this way many times before, and I have never heard anyone raise this argument, and no Magistrate Judge in the Central District has ever complained that they were not presented with even more separate argument sections, or insisted that each request needs a separate argument.

With respect to your claim that you do not believe certain requests should be included based on prior meet and confer discussions, once again, you are free to raise that in your portion of the joint stipulation. The fact that you are somehow using your incomplete and deficient productions and meet and confer promises to eliminate these requests makes no sense, as any compromise in limiting the requests in reliance on any such agreements no longer applies in light of your failure to honor the commitments you made.

In short, we believe we have fully complied with Local Rule 37, and have no intention of revising the joint stipulation according to your preference to create unnecessary work, which would result in presenting these issues to the Court in an inefficient manner. As such, your portion of the joint stipulation remains due within seven days from the time we sent it. It appears your email--sent two days into the seven days you have to turn this around--is yet another delay tactic. If we do not receive your portion within the time required, we will proceed with filing the motion to compel without a joint stipulation and without Acacia's arguments, pursuant to Local Rule 37-2.4(b).

Regards,

-Erin

**Erin R. Ranahan**
Partner
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750
winston.com

**From:** Knuth, Annie H. [mailto:AKnuth@SYCR.com]
**Sent:** Thursday, September 24, 2015 2:36 PM
**To:** Ranahan, Erin R.; Barry, Kathleen B.; Wittenzellner, John (jwittenzellner@akingump.com); Klein, Eric

(eklein@akingump.com)
**Cc:** Schneider, Marc J.; Ram, Stephen L.; Nguyen, Nancy N.
**Subject:** RE: NexusJoint Stipulation re Motion to Compel By Dell and Lonovo Against Acacia

Counsel,

We are in receipt of Dell and Lenovo's Rule 37 Joint Stipulation. Upon review, it appears that Movants' portion of the Joint Stipulation does not conform to the Local Rules with respect to the 4 Categories enumerated on Page 4 of Movants' portion of the Joint Stipulation. Even if we were to accept your characterization of these 4 Categories, the Categories do not accurately reflect the parties' meet and confer record.

First, Local Rule 37-2.1 states that, "if the sufficiency of an answer to an interrogatory is in issue, the stipulation shall contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions as to that particular interrogatory, *separately stated*." (Emphasis added). Accordingly, the format of the Joint Stipulation should be as follows: Disputed Request X; Response to Disputed Request X; Movants' Argument; Responding Party's Argument. This order should be separately repeated for each Request in dispute. Currently, the Joint Stipulation is formatted such that the Arguments refer to groups of multiple Requests (and Acacia's responses thereto), and not individual Requests. This format is improper under Local Rule 37-2.1 and inconsistent with standard practice in the Central District for these types of stipulations.

However, as a convenience to all involved, Acacia would agree that the section regarding Movants' demand for testimony with respect to documents responsive to the disputed Requests can be consolidated as a group of deposition Topics as set forth in the current Joint Stipulation. This consolidation will streamline the issues for the Court because Acacia understands that Movants seek testimony regarding documents responsive to the disputed Requests.

Please provide a properly formatted Joint Stipulation that complies with Local Rule 37-2.1.

Second, even if Acacia were to accept Movants' classification of documents in dispute, the Categories do not accurately reflect the parties' meet and confer record.

Movants define Category 3 as "Documents related to Acacia's and Silicon Image's activities before the Asserted Patents were transferred to Acacia. Request Nos. 4, 5, 6, 8 and 11." Kathleen Barry's August 14 letter, however, clearly states that "Communications Between Silicon Image and Acacia" would be responsive to Dell's Subpoena Request Nos. 3 and 6, to the extent they are responsive at all. Indeed, during our August 5 meet and confer call, Ms. Barry admitted that the documents Dell sought—communications and negotiations between Acacia and Silicon Image relating to the first agreement between Silicon Image and Acacia—are unrelated to the Asserted Patents. Request Nos. 4, 5, 8, and 11 were not at issue after our August 5 call with respect to Dell's document subpoena and were not further discussed after our August 5 call. Movants cannot now seek an order for these requests. Accordingly, please remove Requests Nos. 4, 5, 8, and 11 from Category 3 of the Joint Stipulation. For similar reasons, please remove Request No. 4 from Category 2 of the Joint Stipulation.

Please advise whether Movants agree to make the proposed changes as outlined above.

Regards,
Annie

**Annie H. Knuth**



Stradling Yocca Carlson & Rauth, P.C.

100 Wilshire Boulevard, Fourth Floor | Santa Monica, CA 90401
(o) 424.214.7032 | (f) 424.744.4171 | (c) 909.456.5719
aknuth@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately.  Thank you.

**From:** Ranahan, Erin R. [mailto:ERanahan@winston.com]
**Sent:** Tuesday, September 22, 2015 6:41 PM
**To:** Nguyen, Nancy N.; Knuth, Annie H.; Schneider, Marc J.
**Cc:** Barry, Kathleen B.; Wittenzellner, John (jwittenzellner@akingump.com); Klein, Eric (eklein@akingump.com)
**Subject:** Nexus--Joint Stipulation re Motion to Compel By Dell and Lonovo Against Acacia

Counsel:

Pursuant to Local Rule 37, attached please find the joint stipulation regarding the motion to compel that Dell and Lonovo intend to file against Acacia in the District Court for the Central District of CA, as well as the supporting declaration and exhibits.  As required by Local Rule 37-2.2, you must insert your portions into this joint stipulation and return it to us within 7 days.

Regards,

-Erin

**Erin R. Ranahan**
**Partner**
Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
D: +1 (213) 615-1835
F: +1 (213) 615-1750
Bio | VCard | Email | winston.com

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

# **<u>EXHIBIT 17</u>**

## Knuth, Annie H.

| | |
|---|---|
| **From:** | Ranahan, Erin R. <ERanahan@winston.com> |
| **Sent:** | Friday, September 25, 2015 6:54 PM |
| **To:** | Knuth, Annie H. |
| **Cc:** | Schneider, Marc J.; Ram, Stephen L.; Nguyen, Nancy N.; Barry, Kathleen B. |
| **Subject:** | RE: NexusJoint Stipulation re Motion to Compel By Dell and Lonovo Against Acacia |
| **Attachments:** | LA-#392406-v1-Joint_Stip_Motion_to_Compel_Acacia_Dell_.DOC; LA-#392396-v1-Revised_Ranahan_Decl_ISO_Dell_MTC.DOC; Exhibit H motion to compel.pdf |

Annie:

With respect to your email today at 12:16pm, once again, we do not believe there is anything improper about the current organization of the verbatim requests under separate issues, and therefore have no intention of revising pursuant to your preferred format. You are free to raise your formatting issues within your sections if you believe they are worthwhile arguments for the Court to consider. Of course, if you have any caselaw or orders supporting your argument that issues cannot be grouped in sets of requests, please send such authority and we will consider it.

With respect to your second email sent at 1:40pm, pursuant to your request, we have revised the attached stipulation to remove any reference to Lenovo, and the motion to compel will now only be brought on behalf of Dell. We have therefore replaced the section 4 requests and responses with requests from the Dell subpoena to testify, and will attach that subpoena as Exhibit H to my declaration. I revised my declaration to reflect these changes and this addition, and attach Exhibit H here. The prior exhibits I sent Tuesday all remain the same. Besides removing references to Lenovo as a movant, these edits have no impact on the legal argument or discussion sections. Thus, as you indicated you would, we still expect that you will honor the deadline set by Rule 37 and provide us your sections by Tuesday.

Regards,

-Erin

### Erin R. Ranahan
**Partner**
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750
winston.com

**From:** Knuth, Annie H. [mailto:AKnuth@SYCR.com]
**Sent:** Friday, September 25, 2015 1:40 PM
**To:** Ranahan, Erin R.
**Cc:** Schneider, Marc J.; Ram, Stephen L.; Nguyen, Nancy N.; Barry, Kathleen B.; 'Wittenzellner, John (jwittenzellner@akingump.com)'; 'Klein, Eric (eklein@akingump.com)'
**Subject:** RE: NexusJoint Stipulation re Motion to Compel By Dell and Lonovo Against Acacia

Counsel,

Upon further review of Movants' portion of the Joint Stipulation, we have noticed yet another violation of the Local Rules. As you are well aware, Local Rule 37-2.1 requires the Joint Stipulation to "contain, *verbatim*, both the [Request at dispute] and the allegedly insufficient answer." (Emphasis added.)

1

With respect to the Requests in dispute, Movants appear to quote the Request in *Lenovo's* subpoena for documents and testimony, dated August 26 ("Lenovo's August 26 Subpoena"). Yet, Movants have attached only Dell's subpoena for documents as an exhibit to Erin Ranahan's declaration. Examples of the more egregious discrepancies are laid out in red below, verbatim, for your reference.

Even more, Dell's subpoena for documents, attached as Exhibit A to Ms. Ranahan's declaration, only seeks documents and not deposition testimony from Acacia. It is therefore unclear on which Topics Movants are seeking testimony, since Ms. Ranahan did not attach any subpoena for testimony to her declaration. It appears that Movants are again quoting Lenovo's August 26 Subpoena with respect to the Topics in dispute, but Movants have neither attached Lenovo's August 26 Subpoena to Ms. Ranahan's declaration nor cited to Lenovo's August 26 Subpoena.

We hope these errors were a mere oversight and not an attempt by Movants to circumvent the Local Rules or muddle the record. Please correct all discrepancies with respect to the Requests and Topics in dispute, and ensure that Acacia's responses are quoted verbatim, as required by the Local Rules. We expect a revised portion of Movants' Joint Statement by close of business today. Despite these discrepancies, Acacia will nonetheless provide its portion of the Joint Statement by Tuesday, September 29.

Regards,
Annie

**Discrepancies**:

**Dell's Request No. 2**: "All Licenses (including any amendments thereto) related to the Asserted Patents or the Related Patents, including but not limited to any Licenses entered into between Acacia and each of the listed companies:
Silicon Image
Nexus Display"
**Lenovo's Request No. 2 (and the Request quoted in the Joint Statement)**: "All Licenses (including any amendments thereto and agreements related to the Asserted Patents or the Related Patents, including but not limited to any Licenses and agreements entered into between You and each of the listed companies:
Silicon Image
Nexus Display"

**Dell's Request No. 11**: "All Communications with Silicon Image concerning any encumbrances on the Asserted Patents, including but not limited to any (F)RAND commitments made and any preexisting licenses to which the Asserted Patents are subject."
**Lenovo's Request No. 11 (and the Request quoted in the Joint Statement)**: "Documents sufficient to show any investigation by You, Nexus Display, or Silicon Image prior to the initiation of any Nexus Litigation as to whether any products that comply or are compatible with the DisplayPort Standard infringe any Asserted Patent, including but not limited to any reverse-engineering efforts and any pre-suit investigation into potential infringement allegations."

**Annie H. Knuth**



Stradling Yocca Carlson & Rauth, P.C.
100 Wilshire Boulevard, Fourth Floor | Santa Monica, CA 90401
(o) 424.214.7032 | (f) 424.744.4171 | (c) 909.456.5719
aknuth@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

**From:** Knuth, Annie H.
**Sent:** Friday, September 25, 2015 12:16 PM
**To:** 'Ranahan, Erin R.'
**Cc:** Schneider, Marc J.; Ram, Stephen L.; Nguyen, Nancy N.; Barry, Kathleen B.; Wittenzellner, John (jwittenzellner@akingump.com); Klein, Eric (eklein@akingump.com)
**Subject:** RE: NexusJoint Stipulation re Motion to Compel By Dell and Lonovo Against Acacia

Dear Erin,

Thanks for your email. While you suggest that Acacia is somehow engaging in "yet another delay tactic," that this is not the case. To be clear, if Movants agree to make the changes proposed in my email below and send us the revised Joint Stipulation by close of business today, Acacia will honor the original deadline and provide its portion of the Joint Stipulation (and exhibits) by Tuesday, September 29.

It would be unfortunate if Movants refused to make the suggested changes below and abide by the Local Rules. In fact, this would be the second time that Lenovo has disregarded the Central District's Local Rules, as Lenovo previously purported to file an improper motion to compel. Our intent was simply to inform you of our understanding of the Local Rules and standard practice, and organize the Joint Stipulation in a manner that assists the Court in understanding the disputed Requests and issues at hand, rather than confusing them in "categories" of Requests.

Of course, if Movants refuse to make the suggested changes, Acacia will raise its concerns with the Court as appropriate in Acacia's portion of the Joint Stipulation.

Please let me know Movants' position on the format of the Joint Stipulation.

Regards,
Annie


**Annie H. Knuth**



Stradling Yocca Carlson & Rauth, P.C.
100 Wilshire Boulevard, Fourth Floor | Santa Monica, CA 90401
(o) 424.214.7032 | (f) 424.744.4171 | (c) 909.456.5719
aknuth@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

**From:** Ranahan, Erin R. [mailto:ERanahan@winston.com]
**Sent:** Thursday, September 24, 2015 7:41 PM
**To:** Knuth, Annie H.
**Cc:** Schneider, Marc J.; Ram, Stephen L.; Nguyen, Nancy N.; Barry, Kathleen B.; Wittenzellner, John (jwittenzellner@akingump.com); Klein, Eric (eklein@akingump.com)
**Subject:** RE: NexusJoint Stipulation re Motion to Compel By Dell and Lonovo Against Acacia

Dear Annie,

We disagree with your position that Local Rule 37 does not allow the parties to group multiple requests together under a single issue. There is nothing in Local Rule 37 that says you cannot group requests where they logically relate to the same issue, which makes it more efficient for the Judge to decide and for the parties to brief. While of course you are free to raise your formatting complaints in your portion of the joint stipulation, this certainly does not justify our re-serving the joint stipulation. And contrary to your claims about what the "standard practice" is in the Central District, I have done and seen it this way many times before, and I have never heard anyone raise this argument, and no Magistrate Judge in the Central District has ever complained that they were not presented with even more separate argument sections, or insisted that each request needs a separate argument.

With respect to your claim that you do not believe certain requests should be included based on prior meet and confer discussions, once again, you are free to raise that in your portion of the joint stipulation. The fact that you are somehow using your incomplete and deficient productions and meet and confer promises to eliminate these requests makes no sense, as any compromise in limiting the requests in reliance on any such agreements no longer applies in light of your failure to honor the commitments you made.

In short, we believe we have fully complied with Local Rule 37, and have no intention of revising the joint stipulation according to your preference to create unnecessary work, which would result in presenting these issues to the Court in an inefficient manner. As such, your portion of the joint stipulation remains due within seven days from the time we sent it. It appears your email--sent two days into the seven days you have to turn this around--is yet another delay tactic. If we do not receive your portion within the time required, we will proceed with filing the motion to compel without a joint stipulation and without Acacia's arguments, pursuant to Local Rule 37-2.4(b).

Regards,

-Erin


**Erin R. Ranahan**
**Partner**
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750
winston.com

**From:** Knuth, Annie H. [mailto:AKnuth@SYCR.com]
**Sent:** Thursday, September 24, 2015 2:36 PM
**To:** Ranahan, Erin R.; Barry, Kathleen B.; Wittenzellner, John (jwittenzellner@akingump.com); Klein, Eric (eklein@akingump.com)
**Cc:** Schneider, Marc J.; Ram, Stephen L.; Nguyen, Nancy N.
**Subject:** RE: NexusJoint Stipulation re Motion to Compel By Dell and Lonovo Against Acacia

Counsel,

We are in receipt of Dell and Lenovo's Rule 37 Joint Stipulation. Upon review, it appears that Movants' portion of the Joint Stipulation does not conform to the Local Rules with respect to the 4 Categories enumerated on Page 4 of Movants' portion of the Joint Stipulation. Even if we were to accept your characterization of these 4 Categories, the Categories do not accurately reflect the parties' meet and confer record.

First, Local Rule 37-2.1 states that, "if the sufficiency of an answer to an interrogatory is in issue, the stipulation shall contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions as to that particular interrogatory, *separately stated*." (Emphasis added). Accordingly, the format of the Joint Stipulation should be as follows:  Disputed Request X; Response to Disputed Request X; Movants' Argument; Responding Party's Argument.  This order should be separately repeated for each Request in dispute.  Currently, the Joint Stipulation is formatted such that the Arguments refer to groups of multiple Requests (and Acacia's responses thereto), and not individual Requests.  This format is improper under Local Rule 37-2.1 and inconsistent with standard practice in the Central District for these types of stipulations.

However, as a convenience to all involved, Acacia would agree that the section regarding Movants' demand for testimony with respect to documents responsive to the disputed Requests can be consolidated as a group of deposition Topics as set forth in the current Joint Stipulation.  This consolidation will streamline the issues for the Court because Acacia understands that Movants seek testimony regarding documents responsive to the disputed Requests.

Please provide a properly formatted Joint Stipulation that complies with Local Rule 37-2.1.

Second, even if Acacia were to accept Movants' classification of documents in dispute, the Categories do not accurately reflect the parties' meet and confer record.

Movants define Category 3 as "Documents related to Acacia's and Silicon Image's activities before the Asserted Patents were transferred to Acacia.  Request Nos. 4, 5, 6, 8 and 11."  Kathleen Barry's August 14 letter, however, clearly states that "Communications Between Silicon Image and Acacia" would be responsive to Dell's Subpoena Request Nos. 3 and 6, to the extent they are responsive at all.  Indeed, during our August 5 meet and confer call, Ms. Barry admitted that the documents Dell sought—communications and negotiations between Acacia and Silicon Image relating to the first agreement between Silicon Image and Acacia—are unrelated to the Asserted Patents.  Request Nos. 4, 5, 8, and 11 were not at issue after our August 5 call with respect to Dell's document subpoena and were not further discussed after our August 5 call.  Movants cannot now seek an order for these requests.  Accordingly, please remove Requests Nos. 4, 5, 8, and 11 from Category 3 of the Joint Stipulation.  For similar reasons, please remove Request No. 4 from Category 2 of the Joint Stipulation.

Please advise whether Movants agree to make the proposed changes as outlined above.

Regards,
Annie


**Annie H. Knuth**



Stradling Yocca Carlson & Rauth, P.C.
100 Wilshire Boulevard, Fourth Floor | Santa Monica, CA 90401
(o) 424.214.7032 | (f) 424.744.4171 | (c) 909.456.5719
aknuth@sycr.com | sycr.com
Website Profile | vCard

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

**From:** Ranahan, Erin R. [mailto:ERanahan@winston.com]
**Sent:** Tuesday, September 22, 2015 6:41 PM
**To:** Nguyen, Nancy N.; Knuth, Annie H.; Schneider, Marc J.

**Cc:** Barry, Kathleen B.; Wittenzellner, John (jwittenzellner@akingump.com); Klein, Eric (eklein@akingump.com)
**Subject:** Nexus--Joint Stipulation re Motion to Compel By Dell and Lonovo Against Acacia

Counsel:

Pursuant to Local Rule 37, attached please find the joint stipulation regarding the motion to compel that Dell and Lonovo intend to file against Acacia in the District Court for the Central District of CA, as well as the supporting declaration and exhibits.  As required by Local Rule 37-2.2, you must insert your portions into this joint stipulation and return it to us within 7 days.

Regards,

-Erin

**Erin R. Ranahan**
Partner
Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
D: +1 (213) 615-1835
F: +1 (213) 615-1750
Bio | VCard | Email | winston.com

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

# EXHIBIT 18
# <u>FILED UNDER SEAL</u>

# EXHIBIT 19

## IN THE UNITED STATES DISTRICT COURT
### OF THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC. | § | |
| | § | |
| v. | § | CASE NO. 6:12-cv-22 |
| | § | |
| ALCATEL-LUCENT USA, INC. , | § | |
| ET AL. | § | |

| | | |
|---|---|---|
| ADAPTIX, INC. | § | |
| | § | |
| v. | § | CASE NO. 6:12-cv-122 |
| | § | |
| ALCATEL-LUCENT USA, INC. , | § | |
| ET AL. | § | |

| | | |
|---|---|---|
| ADAPTIX, INC. | § | |
| | § | |
| v. | § | CASE NO. 6:12-cv-123 |
| | § | |
| ALCATEL-LUCENT USA, INC. , | § | |
| ET AL. | § | |

## ORDER

The above-referenced causes of action were referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following motions are before the Court: (1) Emergency Motion of Defendant Alcatel-Lucent USA, Inc. to Compel Documents from Third Party Acacia Research Group, LLC (Docket Entry #s 196, 187 & 171); and (2) Emergency Motion of Defendant Alcatel-Lucent USA, Inc. to Compel Third Party Acacia Research Group, LLC to Produce a 30(b)(6) Witness to Address Certain Topics (Docket Entry #s 198, 189 & 173). The Court, having reviewed the relevant briefing, is of the opinion the motions should be **DENIED**.

These are patent infringement cases alleging infringement of five United States patents. Defendant Alcatel-Lucent USA, Inc. ("ALU") seeks an Order compelling non-party Acacia Research Group, LLC ("Acacia") to produce all non-privileged documents in its possession responsive to 42 document requests and to produce an agreement between Acacia and Nokia Siemens Networks ("Nokia"). According to ALU's reply, Nokia produced the particular agreement to ALU in response to a subpoena, mooting that issue.

Regarding the 42 document requests, Acacia explained its connection to Adaptix as follows, asserting it should not be required to re-analyze more than 60,000 documents in order to essentially reproduce what ALU has already received from Acacia's subsidiary, plaintiff Adaptix, Inc. ("Adaptix").

> [Acacia] acquired Adaptix as a going concern in January 2012. Adaptix, as a fully-functioning company before the acquisition, retained possession of its documents post-acquisition. To the extent [Acacia] generated, or received, documents concerning Adaptix or the patents-in-suit, those have been made available to Adaptix and its counsel. Adaptix has undertaken a review of those documents for purposes of discovery in this action. To date, Adaptix has produced, or is producing, more than one million documents to ALU, which include more than 11,000 of the documents that [Acacia] provided access to. In order to comply with ALU's demands, [Acacia] must familiarize itself with the facts and technical specifications relating to this patent infringement case, and its counsel must analyze the over 60,000 documents it already provided to Adaptix for analysis. Ultimately, ALU will likely receive the same set of documents from [Acacia] that it has already obtained from Adaptix. Again, this endeavor will require substantial attorney time and resources and would not benefit any party.

(Cause No. 6:12cv22, Docket Entry #208 at pg. 7).

In its reply, ALU states Acacia has not verified that Adaptix has in fact produced all of the responsive Acacia documents that ALU has requested. In the surreply, Acacia represents Adaptix has now confirmed that all responsive non-privileged documents have been produced to ALU.

According to Acacia, Adaptix made a further supplemental production on June 26, 2014, and Adaptix's counsel has specifically confirmed in a declaration that all responsive non-privileged documents originating from Acacia that are in Adaptix's possession, custody, or control have been produced to ALU in this litigation. (Ercolini Decl., ¶3). Considering the representations of Acacia and Adaptix, ALU has no need for a duplicate production from Acacia which would impose an unnecessary and costly burden on non-party Acacia. The Court denies ALU's motion to compel documents from Acacia.

ALU also seeks an Order compelling Acacia to produce a Rule 30(b)(6) witness to address four topics (Topic Nos. 7, 15, 24, and 29). According to ALU's reply, most of the issues raised in the motion to compel were mooted by a deposition of Curtis Dodd, who testified in his capacity as corporate representative of Adaptix and Acacia. Regarding the one remaining issue, ALU states Acacia instructed Mr. Dodd not to answer a series of questions related to a patent purchase agreement between Acacia and Nokia.[1]

According to Acacia, ALU has failed to identify how the Nokia patent purchase agreement is relevant. In its reply, ALU merely states that the patent purchase agreement "may be relevant to the damage analysis in this case." (Cause No. 6:12cv22, Docket Entry #223 at pg. 2). The Court is not persuaded the patent purchase agreement is relevant. Therefore, the Court denies ALU's

---

[1] According to ALU's reply, testimony regarding the patent purchase agreement is encompassed by Topic No. 15, which seeks testimony regarding Acacia's policies and practices regarding license negotiations and settlements. In the briefing before the Court, Acacia states the agreement with Nokia is not a license of patent rights to a third party nor does it involve the patents-in-suit. Rather, the purchase agreement involved the acquisition of unrelated patents.

request to order Acacia to produce a witness that will answer questions related to the patent purchase agreement.[2]

Based on the foregoing, it is

**ORDERED** that Emergency Motion of Defendant Alcatel-Lucent USA, Inc. to Compel Documents from Third Party Acacia Research Group, LLC (Docket Entry #s 196, 187 & 171); and (2) Emergency Motion of Defendant Alcatel-Lucent USA, Inc. to Compel Third Party Acacia Research Group, LLC to Produce a 30(b)(6) Witness to Address Certain Topics (Docket Entry #s 198, 189 & 173) are **DENIED.**

**SIGNED this 14th day of August, 2014.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

---

[2] Alternatively, ALU seeks an order barring Adaptix and its damage expert from referring to, or in any way relying upon, the Nokia purchase agreement or any related information that Adaptix or its parent company, Acacia, withheld from ALU.  ALU's alternative request is unclear about what the term "related information" encompasses.  To the extent a specific issue arises, ALU may raise the issue with the Court at that time.

4