1   Erin R. Ranahan (SBN: 235286)
    *eranahan@winston.com*
2   WINSTON & STRAWN LLP
    333 S. Grand Avenue
3   Los Angeles CA 90071-1543
    Tel:   (213) 615-1700
4   Fax:   (213) 615-1750

5   Attorneys for Movant
    *Dell Inc.*

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  *In re Third Party Subpoena from*          Case No. 8:15-mc-00025-JVS (DFMx)
    *Eastern District of Texas:*
12                                             (Eastern District of Texas Case No.
                                               2:14-cv-00762)
13  DELL INC.,
                                               **APPLICATION TO FILE UNDER
14                Movant,                       SEAL EXHIBITS B AND F TO THE
                                               AMENDED DECLARATION OF
15        vs.                                   ERIN RANAHAN IN SUPPORT OF
                                               DELL'S AMENDED MOTION TO
16  ACACIA RESEARCH GROUP LLC,                  COMPEL ACACIA TO COMPLY
                                               WITH SUBPOENA**
17                Respondent.
                                               Hearing Date:   10/27/15
18                                             Time:           10:00 a.m.
                                               Courtroom:      6B (Santa Ana)
19                                             Judge:      Hon. Douglas F. McCormick

20

21

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT
October 9, 2015
CENTRAL DISTRICT OF CALIFORNIA
BY:        TS        DEPUTY

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Movant, Dell Inc. ("Dell" or "Movant") hereby applies for an order allowing Dell to file under seal Exhibits B and F to the Amended Declaration of Erin Ranahan in Support of Dell's Amended Motion to Compel Acacia to Comply with Subpoena ("Ranahan Declaration"), in accordance with Local Rule 79-5.1.

The pending Motion to Compel by Dell against Acacia Research Group LLC ("Acacia") relates to an underlying patent case filed by Nexus Display Technologies, Inc. ("Nexus") against Dell in the Eastern District of Texas. (*Nexus v. Dell, et al.,* Case 2:14-cv-00762-JRG). On December 4, 2014, the Texas Court entered a Protective Order (Dkt. No. 57), which is attached hereto as Exhibit 1.

The Protective Order permits the parties to designate as Confidential information "information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document." Protective Order ¶ 1. Under the Protective Order, the parties have agreed to apply to file such confidential information under seal. See Protective Order ¶ 17. Documents designated confidential presumably contain trade secret, confidential, and sensitive information including marketing plans and studies, consumer research, and other strategic business information.

Exhibit B is a deposition transcript, the entirety of which was designated by Plaintiff in the underlying cases, "highly confidential, attorneys' eyes only" of documents designated by the Plaintiff,

Exhibit F is an agreement that is also designated by Plaintiff as confidential.

Based on these designations, Dell applies to file these documents under seal. Because of the protective order and the presumed sensitive nature of this information, good cause exists to approve the parties' application to file under seal. See, e.g., *Kamakana v. City and Cnty. Of Honolulu*, 447 F. 3d 1172, 1180 (9th Cir. 2006).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  For the foregoing reasons, Dell respectfully request the Court grant its

2  application to file under seal Exhibits B and F to the Ranahan Declaration (Dkt. 11-1)

3  in support of Dell's Motion to Compel.

4

5  Dated:  October 7, 2015                    WINSTON & STRAWN LLP

6

7                                                   By:  _Erin R. Ranahan_

8                                                          Erin R. Ranahan
                                                           Attorneys for Movant *Dell, Inc.*

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# EXHIBIT 1

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NEXUS DISPLAY TECHNOLOGIES LLC, | § | Civil Action No: 2:14-cv-00762 |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | Jury Trial Requested |
| v. | § | |
| | § | |
| DELL INC. | § | Civil Action No: 2:14-cv-00762 |
| LENOVO (UNITED STATES) INC. | § | Civil Action No. 2:14-cv-00763 |
| PANASONIC  CORP. OF NORTH | § | Civil Action No. 2:14-cv-00764 |
| AMERICA | § | |
| EIZO CORP. AND EIZO INC. | § | Civil Action No. 2:14-cv-00765 |
| NEC CORP. AND NEC DISPLAY | § | Civil Action No. 2:14-cv-00766 |
| SOLUTIONS OF AMERICA, INC. | § | (Consolidated Cases) |
| | § | |
| Defendants. | § | |
| | § | |

## PROTECTIVE ORDER

WHEREAS,  Plaintiff Nexus Display Technologies LLC  and  Defendants Dell Inc., Lenovo (United States), Inc., Panasonic Corp. of North America, Eizo Corp., Eizo Inc., NEC Corp. and NEC Display Solutions of America, Inc. (collectively, "Defendants"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the

**EXHIBIT 1**

Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").   Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."   The words "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.   For deposition and hearing transcripts, the words "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney received notice of the designation of some or all of the transcript as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2.    Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.    With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," or

**EXHIBIT 1**

"RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL")[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this order.

4.      A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.   Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.   The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

**EXHIBIT 1**

5.     For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed in connection with these Actions to a receiving party that a producing party, including any party to these Actions and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with these Actions, considers to comprise confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party ("these Actions" shall include without limitation Civil Action No. 2:14-CV-00762-JRG, Civil Action No. 2:14-CV-00763-JRG, Civil Action No. 2:14-CV-00764-JRG, Civil Action No. 2:14-CV-00765-JRG, and Civil Action No. 2:14-CV-00766-JRG, and any adjunct subpoena proceedings incident hereto before any tribunal). Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation. All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 1 shall be designated by the producing party by informing the receiving party of the designation in writing. "CONFIDENTIAL INFORMATION" may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 13 herein:

    a.     outside litigation counsel of record in these Actions for the Parties;

    b.     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of these Actions such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

    c.     up to four (4) in-house counsel of each receiving party; the term "in-house

**EXHIBIT 1**

counsel" shall mean employees of a named party to these Actions who (a) are members of the named party's litigation team, (b) have responsibility for maintaining, defending, or evaluating these Actions, and (c) have responsibility for making decisions dealing directly with these Actions;

        d.        outside consultants or experts ("Technical Advisers") (*i.e.,* not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than these Actions; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party, by email, with a current curriculum vitae of the Technical Adviser at least ten business (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the Technical Adviser.[2]  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure of Protected Material shall occur until after the expiration of the foregoing notice period and all such

---

[2] The *curriculum vitae* should include the following information: name, address, current employer, employment history for the past ten years including a list of every entity for which the advisor has consulted or is currently consulting, a listing of cases in which the Technical Adviser has testified as an expert at trial or by deposition within the preceding five years, and an identification of any patents or patent applications in which the technical adviser is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.

**EXHIBIT 1**

objections are resolved by agreement or Court order.

       e.     independent legal translators retained to translate in connection with these Actions; independent litigation support services, including persons working for or as court reporters, graphics, translation, or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of these Actions; non–technical jury or trial consulting services; and

       f.     the Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court).

6.     The following information is not CONFIDENTIAL INFORMATION:

       a.     Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

       b.     Any information that the receiving party can show was already publicly known prior to the disclosure; and,

       c.     Any information that the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

7.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

**EXHIBIT 1**

8.      Documents, information or material produced pursuant to any discovery request in these Actions, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of these Actions and shall not be used for any other purpose.      Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of these Actions.      Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

9.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

10.      For Protected Material designated RESTRICTED—OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (d-f) and not any person or entity listed in paragraph 5(c).  This designation is reserved for CONFIDENTIAL INFORMATION that constitutes (a) commercially sensitive marketing, financial, sales, web traffic, research and development, or technical, data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA");

- 7 -

**EXHIBIT 1**

(c) commercially sensitive information or data relating to future products not yet commercially released and/or strategic plans; and, (d) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. Documents marked CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL, or RESTRICTED CONFIDENTIAL shall be treated as if designated RESTRICTED—OUTSIDE ATTORNEYS' EYES ONLY. In determining whether information should be designated as RESTRICTED— OUTSIDE ATTORNEYS' EYES ONLY, each party agrees to use such designation only in good faith. RESTRICTED— OUTSIDE ATTORNEYS' EYES ONLY material produced by a Defendant also cannot be brought, transported, sent, or transmitted to any person, location, or vendor outside of the United States without the producing party's written consent unless it is being sent or transmitted to the foreign location of a deposition of the producing party for use in that deposition.

11.     For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

a.      Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 11 (i and l) below. To the extent not listed explicitly below, the Parties shall take reasonable and appropriate measures to restrict access to and safeguard the promulgation of RESTRICTED CONFIDENTIAL SOURCE CODE information while allowing pertinent review for the purposes of this litigation.

**EXHIBIT 1**

b.    The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of these Actions;

c.    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

d.    The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

e.    Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[3] ("Technical Advisers") (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.   A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document,

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

EXHIBIT 1

deposition transcript, other Court document, provided that the documents containing excerpts of Source Code Material ("Source Code Documents") are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

   f.     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

   g.     Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

   h.     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied. While the Parties don't anticipate a substantial production of source code, should source code become an issue in this litigation, the Parties will agree to a reasonable limitation on the amount of source code to be produced;

   i.      Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE"

EXHIBIT 1

and shall continue to be treated as such;

j.      If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

k.      A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier.   Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.   Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein.   But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

l.      The receiving party's outside counsel and/or Technical Advisers shall be entitled to take notes relating to the Source Code but may not copy any portion of the

**EXHIBIT 1**

Source Code into the notes. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

        m.     Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL—SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

        (1)     Outside counsel of record for the parties to these Actions, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

        (2)     Up to five (5) Technical Advisers per party, preapproved in accordance with Paragraph 5(d) and specifically identified as eligible to access Source Code;

        (3)     The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in these Actions. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code. If used during a deposition, the deposition record will identify the exhibit by its production numbers;

        (4)     While testifying at deposition or trial in these Actions only: (i) any current or former officer, director or employee of the producing party or original source of the information; (ii) any person designated by the producing party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other

**EXHIBIT 1**

than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

n.     The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraph g above. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the producing party, the receiving party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving party and/or qualified person that receives a copy of any portion of the Source Code;

o.     All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

12.     Any attorney representing a Party, whether in-house or outside counsel, Technical Advisor, or any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application or in amendments to

**EXHIBIT 1**

claims in connection with any post-grant proceedings pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of these Actions and for one year after its conclusion, including any appeals. For clarity, attorneys representing a Party may participate in post-grant review proceedings, including inter partes review, to the extent that the proceeding does not involve seeking an amendment to claims to that Party's patents. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. However, nothing in this paragraph shall apply to any individual permitted to receive the other Party's Protected Material and who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL if said HIGHLY SENSITIVE MATERIAL is only of a financial nature and not of a technical nature. Nothing herein shall prevent litigation counsel from advising a client, including agents thereof, regarding prior art and distinctions between prior art and existing claims.

13.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or

**EXHIBIT 1**

other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

14.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

15.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of

**EXHIBIT 1**

this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16.   Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.   Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

17.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.   Exhibits to a filing shall conform to the labeling requirements set forth in this Order.   If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18.   The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of these Actions, or from using any information contained in DESIGNATED MATERIAL at the trial of these Actions, subject to any pretrial order issued by this Court.

**EXHIBIT 1**

19.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.    If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.   Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.    Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.    In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

21.     To the extent that any discovery is taken of persons who are not Parties to these Actions ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties.   The Third Parties shall have ten (10) days after production of such documents,

EXHIBIT 1

information or other materials to make such a designation.   Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

23.   Within sixty (60) days of final termination of any one these Actions, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in these Actions), shall at the producing Party's election either be returned to the producing Party or be destroyed.   The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

24.   The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.   Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

**EXHIBIT 1**

26.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27.     If at any time documents containing Protected Material are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

28.     Testifying Technical Advisers shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a party and that party's testifying Technical Adviser, and all materials generated by a testifying Technical Adviser with respect to that person's work, are exempt from discovery unless they relate to the Technical Adviser's compensation or identify facts, data or assumptions relied upon by the Technical Adviser in forming any opinions in this litigation and such information is not already disclosed in the Technical Adviser's report.

29.     No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the earliest filed lawsuit by Plaintiff, i.e., July 11,

**EXHIBIT 1**

2014, which absent this provision, the party would have been obligated to so identify on said privilege log. The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

30.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

31.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein..

32.     Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

33.     The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Protective Order. After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provisions of this Protective Order following termination of this litigation. All disputes concerning Protected Material produced under the protection of this Protective Order shall

EXHIBIT 1

be resolved by the United States District Court for the Eastern District of Texas.

34.     Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Material, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Protective Order.

**So ORDERED and SIGNED this 3rd day of December, 2014.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NEXUS DISPLAY TECHNOLOGIES LLC, | § | Civil Action No: 2:14-cv-00762 |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | **Jury Trial Requested** |
| v. | § | |
| | § | |
| DELL INC. | § | Civil Action No: 2:14-cv-00762 |
| LENOVO (UNITED STATES) INC. | § | Civil Action No. 2:14-cv-00763 |
| PANASONIC  CORP. OF NORTH | § | Civil Action No. 2:14-cv-00764 |
| AMERICA | § | |
| EIZO CORP. AND EIZO INC. | § | Civil Action No. 2:14-cv-00765 |
| NEC CORP. AND NEC DISPLAY | § | Civil Action No. 2:14-cv-00766 |
| SOLUTIONS OF AMERICA, INC. | § | (Consolidated Cases) |
| | § | |
| Defendants. | § | |
| | § | |

APPENDIX A

<u>UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER</u>

I,_____, declare that:

1.    My address is_____.

My current employer is_____.

My current occupation is_____.

2.    I have received a copy of the Protective Order in these Actions.  I have carefully read

and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

will not disclose to anyone not qualified under the Protective Order, and will use only

for  purposes  of  these  Actions  any  information  designated  as  "CONFIDENTIAL,"

"RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

**EXHIBIT 1**

SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in these Actions.

6.    I declare under penalty of perjury that the foregoing is true and correct.


Signature:_____


Date:_____

**EXHIBIT 1**