UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA MC 15-00025-JVS (DFMx) | Date | October 26, 2015 |
| Title | Dell Inc. v. Acacia Research Group LLC | | |

Present: The Honorable   Douglas F. McCormick

| Terri Steele | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**   (In Chambers) Order re: Movant's Motion to Compel (Dkt. 11)

  This action arises out of a complaint for patent infringement filed by Plaintiff Nexus Display Technologies, Inc. ("Nexus") against Defendant Dell Inc. ("Dell") on July 11, 2014 in the United States District Court for the Eastern District of Texas, Case No. 14-0762 (the "Underlying Action"). On or around April 29, 2015, Dell served a subpoena duces tecum on third party Acacia Research Group LLC ("Acacia"). Dkt. 1-1 ("Ranahan Decl.") at ¶ 1, Exh. A. On or around July 1, 2015, Dell served a subpoena to testify at a deposition to Acacia. Id. at ¶ 8, Exh. H. Now before the Court is Dell's motion to compel Acacia to produce certain agreements and communications pursuant to the document subpoena as well as a witness to testify regarding those documents pursuant to the deposition subpoena.

  As a threshold matter, Acacia contends that Dell's motion to compel should be denied because it was filed over two weeks after the September 7, 2015 deadline for the parties to complete fact discovery and file motions to compel discovery in the Underlying Action. Dkt. 4 at 5, 11, 22, 35, 52; see also Dkt. 10 ("Knuth Decl.") ¶ 4, Exh. 3. Dell does not dispute that its motion is untimely under the case schedule in the Underlying Action; rather, it contends that this Court "is not the proper venue to decide issues regarding the case schedule" and that "Acacia cannot use the schedule to avoid producing relevant information" because it is not a party to the Underlying Action. See Dkt. 21 at 1. The Court disagrees and finds that the subpoenas to Acacia are subject to the discovery deadlines in the scheduling order in the Underlying Action.

  "A subpoena pursuant to Federal Rule of Civil Procedure 45 to a third-party is not exempt from discovery deadlines in scheduling orders." Dag Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 104 (D.D.C. 2005). Indeed, "Rule 45 subpoenas are 'discovery' under Rules 16 and 26 of the Federal Rules of Civil Procedure, and are subject to the same deadlines as other forms of discovery." Id.; see also Integra Lifesciences I, Ltd. v. Merck KGaA, 190 F.R.D. 556, 561 (S.D. Cal. 1999) ("Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA MC 15-00025-JVS (DFMx) | Date | October 26, 2015 |
|---|---|---|---|
| Title | Dell Inc. v. Acacia Research Group LLC | | |

within the time period permitted for discovery in a case."); Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 177 F.R.D. 443, 443 (D. Minn. 1997) ("Rule 45 Subpoenas, which are intended to secure the pretrial production of documents and things, are encompassed within the definition of 'discovery,' as enunciated in Rule 26(a)(5) and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery."); Rice v. United States, 164 F.R.D. 556, 558 (N.D. Okla. 1995) ("Thus the better reasoned view is that the Rule 45 subpoenas duces tecum at issue before the Court are a form of discovery and, therefore, are subject to the Court's discovery deadline.). In Dag Enterprises, the court also explained as follows:

> A Scheduling Order is "intended to serve as 'the unalterable road map (absent good cause) for the remainder of the case.' " Olgyay v. Soc. for Envtl. Graphic Design, Inc., 169 F.R.D. 219, 220 (D.D.C.1996) (quoting Final Report of the Civil Justice Reform Act Advisory Group of the United States District Court for the District of Columbia at 39 (Aug.1993)). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' " Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992) (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D.Me.1985)). Indeed, "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier." Id.

226 F.R.D. at 104.

While this Court endeavors not to avoid the merits of the parties' discovery disputes, it is clear that the scheduling order in the Underlying Action does not permit the filing of Dell's motion to compel. On November 21, 2014, the court in the Underlying Action ordered that August 10, 2015 was the deadline to complete fact discovery and file motions to compel discovery. See Knuth Decl. ¶ 2, Exh. 1. On July 31, 2015, U.S. District Judge Robert W. Schroeder III ordered that that "the fact discovery deadline and file motions to compel is extended up to and including August 31, 2015." See id. ¶ 3, Exh. 2. On September 14, 2015, Judge Schroeder ordered that "the deadlines for the parties to complete fact discovery and file motions to compel discovery is extended to September 7, 2015." See id. ¶ 4, Exh. 3. It does not appear from the docket in the Underlying Action that there were any further extensions of the fact discovery and motion to compel cut-off date.

Given Judge Schroeder's deadlines, the Court is unable to find a basis for any conclusion but that it is unable to hear Dell's motion to compel. Dell cites Medtronic MiniMed, Inc. v. Animas Corp., No. 13-80294, 2014 WL 308952, at *4 (N.D. Cal. Jan. 27, 2014), for the proposition that a court can grant a motion to compel compliance with a subpoena against a third party and decline to rule on any timeliness objections even though the motion was "filed after the discovery cutoff in the underlying action." However, Medtronic is inapposite because the scheduling order in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA MC 15-00025-JVS (DFMx) | Date | October 26, 2015 |
|---|---|---|---|
| Title | Dell Inc. v. Acacia Research Group LLC | | |

the underlying case did not have an express deadline for filing motions to compel.

      Here, by contrast, it is clear from Judge Schroeder's orders that September 7, 2015 was the last date for Dell to file motions to compel, and the instant motion was not filed until October 2015. Nevertheless, Dell argues that in the event the Court deems the motion to compel untimely, good cause exists to grant its motion after the discovery cut-off. See Dkt. 21 at 1. This may very well be the case if it is true, as Dell argues, that "Acacia sought to run out the discovery clock." See id. Nevertheless, it is for Judge Schroeder and not this Court to determine whether good cause exists to allow the filing of this motion; a scheduling order "may be modified only for good cause and with the judge's consent." See Fed. R. Civ. P. 16. As discussed above, the "good cause" requirement reflects the important role a scheduling order plays in the court's management of its docket and the preparation of a case for trial. See Washington v. Arapahoe Cnty. Dep't of Soc. Servs., 197 F.R.D. 439, 441 (D. Colo. 2000).

      Based on the foregoing, Dell's motion to compel is DENIED without prejudice and the hearing noticed for October 27, 2015, at 10:00 a.m. is accordingly taken off calendar. Should Dell obtain a modification of the scheduling order in the Underlying Action or otherwise obtain clarification from Judge Schroeder that this Court can properly consider Dell's motion to compel, this Court will allow Dell to refile the motion and hear it on the merits.

                                                                                                                                                                      :

                                                              Initials of Clerk     klh for ts